LAND, J.
The allegations of the petitions in these two petitory actions being the same, nomine mutato, they were consolidated for trial in the court below.
The New Orleans Land Company excepted to the suit on the ground that the plaintiff was not duly incorporated and had no standing in judgment.
This exception was maintained, and the suit was dismissed with costs. Plaintiff has appealed.
This suit was brought in the name of the Leader Realty Company, Limited, alleged to be a corporation created under the laws of the state of Louisiana, and domiciled in the city of New Orleans, to recover certain lands alleged to be in the wrongful possession of the New Orleans Land Company, and described as follows, to wit:
“Lots 1, 6, and 7 of section 8, and lots 1, 6, 7, and 12 of section 17, in T. 12 S., R. 11 E., district E. of the river according to the plat of the survey of said lands in the State Land Office, and the Commissioner of the United States Land Office, comprising 321.42 acres.”
Plaintiff alleged purchase of said property from Dr. Andrew W. Smythe, on May 1, 1907, and purchase by him from the state of Louisiana as shown by patent, of date June 3, 1874.
On the trial of the exception the evidence offered was as follows:
Charter of date April 29, 1907, purporting to have been passed before W. Morgan Gurley, notary public, and signed by L. A. Murphy (1 share), Morgan Gurley (1 share), A. W. Smythe, per W. Morgan Gurley (246 shares), John Smythe (1 share), and E. R. Gurley (1 share). The capital stock of the corporation was to be $25,000, divided into shares of $100 each, to be paid for in cash at the time of subscription, or to be issued full paid and nonassessable for property acquired or to be acquired by said corporation, or for services rendered or to be rendered to the same.
*1062 Certificate of the recorder of mortgages showing the recordation of said act of incorporation.
Certificate of the Secretary of State showing the recordation of said act in his office, and the filing of proof of publication as required by Act No. 59 of 1898.
Act of sale from Dr. Andrew W. Smythe, of date May 1, 1907, to the Leader Realty Company, Limited, of the lands described in the petition and of other lands, in payment of his subscription for 246 shares of the capital stock of said corporation.
The charter declares that the company was organized for the purpose of carrying on a general real estate business in all of its branches, and to loan and borrow money on mortgage.
Defendants’ contention that the corporation was organized for the sole purpose of bringing these suits is without merit.
They further contend that the corporation has no bona fide capital stock, or in other words that stock was issued to Dr. Smythe without any real consideration. This contention is not supported by any evidence tending to show that Dr. Smythe has no title to the lands sued for, or to the other lands convéyed to the corporation and not involved in this litigation.
In the absence of evidence, we cannot assume that the state had no title to the lands patented to Dr. Smythe. The petition alleged wrongful possession in the defendants, at the date of the institution of the suits, but there is nothing to show adverse title in defendants by prescription or otherwise. The question of the validity of Dr. Smythe’s title appertains to the merits of the case. As to the lands not embraced in these suits, there is no evidence to show what is their value.
Defendants are strangers to the plaintiff corporation, and the only question raised by their exception is its capacity to sue and stand in judgment. No question of the forfeiture of plaintiff’s charter is raised by the exception.
The plaintiff corporation made a contract with Dr. Smythe, by which it received lands in payment of the shares of stock. If this contract is binding on the corporation and stockholders, it should have legal effect against mere strangers.
In 1904 the General Assembly passed Act No. 78:
“Providing for the formation of corporations in this state to carry on any lawful business, except the business of insurance, of banking and corporations entitled to exercise the power of eminent domain.”
Section 1 provides for the organization of such corporations, by three or more persons, on “a subscribed capital stock of not less than three thousand dollars.” Section 2 reads as follows:
“That wherever parties have attempted to form a corporation and have executed, recorded and published the charter, all contracts made and acts done by such corporation shall be treated as the contracts and acts of valid corporations so far as affects the rights and obligations of the corporation and its shareholders, reserving, however, to the state the right to take such proceedings as may be authorized by law to enjoin or dissolve said corporations if informal, or to compel the compliance by them with the requirements of the law in the formation of colorations.”
Section 1 of this act makes a subscribed capital stock sufficient for the organization of ordinary business corporations, and to that extent repeals Act No. 36 of 1888 as to the requirement of a paid-in capital stock. Section 2 recognizes corporations as de facto, where the corporators have executed, recorded, and published their charters according to law, and the corporation has acted and contracted in its corporate capacity, reserving the right of the state to challenge the de jure character of such corporations, or to compel them to comply with the requirements of the law.
Plaintiff company, though styled “Limit *1064 ed,” is organized as required by Act No. 78 of 1904; and if not de jure is at least de facto under section 2 of said act.
Section 2 of tbe Act of 1904 is a legislative recognition of tbe general rule, with few exceptions, that “no one can question tbe regularity of tbe incorporation except the state, where -the statutes allow incorporation, and the company has endeavored to incorporate and is actually acting as a corporation.” Cook on Corporations (6th Ed.) par. 5.
It is therefore ordered that the judgment below be reversed, and it is now ordered that the exceptions of defendants be overruled, and the case remanded for further proceedings according to law.