(100 South. 399)

No. 26313.

## JOHN LUCAS & CO, Inc., v. BERNHARDT'S ESTATE.

(March 3, 1924. Rehearing Denied by Division B May 12, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Pleading ☞124—Proof of sale to de facto corporation held admissible under answer denying sale to defendant individually.**

Where, in action for goods sold, petition alleged that they were sold to B., operating as B. & Co., the personal obligation being sought to be enforced, and answer denying that they were sold to B., individually, or that his estate was liable, *held*, that such denial complied with Act No. 157 of 1912, § 1, par. 2, and proof that goods were sold to B. & Co., a de facto corporation, was admissible under answer without enlargement of the pleadings.

2. **Corporations ☞34(3)—Evidence held sufficient to show estoppel to deny corporate existence.**

Where it was sought to hold decedent's estate for goods sold, defendant claiming that goods were not purchased by decedent as an individual, but by de facto corporation, *held*, that evidence that plaintiff dealt with corporation as such was sufficient to estop it from denying its corporate existence.

Appeal from Civil District Court, Parish of Orleans; Wm. H. Byrnes, Jr., Judge.

Action by John Lucas & Company, Inc., against the estate of Rudolph D. Bernhardt. Judgment for defendant, and plaintiff appeals. Affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant.

Martin H. Manion and Herbert W. Kaiser, both of New Orleans, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a suit for a balance due on an account for various items of goods, wares, and merchandise.

The petition consists of two paragraphs. In substance, it alleges that Rudolph D.

Bernhardt died October 6, 1922, and his widow qualified as executrix of his succession; that, during the lifetime of Rudolph D. Bernhardt and on the dates of the order slips and itemized statements attached to the petition, plaintiff sold and delivered the goods listed therein to the decedent, then operating under the name of Rud D. Bernhardt Co. The prayer is for citation and for judgment for $13,009.71 with legal interest from judicial demand.

The testamentary executrix excepted to the suit, but abandoned the exception and filed an answer in which she admits that her husband died on the date alleged in the petition and that she qualified as executrix of the estate, but denies that plaintiff sold the goods to Rudolph D. Bernhardt, individually, or that he or his estate is liable for the debt. Plaintiff filed a supplemental petition praying for recognition of its vendor's lien upon the goods then in existence and for the rescission of the sale in so far as these goods were concerned. The executrix answered the supplemental petition. The answer denies all of the allegations of this petition and specially denies that the estate of Rudolph D. Bernhardt is in possession of plaintiff's goods. The case was tried, and from a judgment rejecting its demands the plaintiff has appealed.

The defense to the suit is that plaintiff did not sell the goods to Rudolph D. Bernhardt, individually, but to Rud D. Bernhardt & Co., a de facto corporation, and that plaintiff dealt with the corporation, as such, and is now estopped from denying its corporate existence. The defense presents a question of fact, the disposal of which will end the case.

[1] Plaintiff contends that the defense urged should have been specially pleaded, that it injects a new issue into the case, and that plaintiff's objection to the testimony offered to establish it was improperly over-

ruled. We do not think the defense injects a new issue into the case. The petition alleges that the goods were sold to Rudolph D. Bernhardt operating under the name of Rud D. Bernhardt & Co., and a personal obligation is sought to be enforced by the suit. The answer denies that the goods were sold to Rudolph D. Bernhardt, individually, or that he or his estate are liable for the debt. This is a specific denial of a material allegation of fact in the petition. It complies with the requirement of section 1, par. 2, of Act 157 of 1912, and full proof of the fact thus put at issue may be made without an enlargement of the pleadings.

[2] We have read the record carefully, and in connection with the oral testimony we have examined the order slips and itemized statements attached to the petition, the documents appearing in the transcript at pages 10 to 20, both inclusive, and at pages 24 to 28, both inclusive. We find that Mr. P. L. Palmer admits that he acted for the John Lucas Co., Inc., and was its sales representative in all of the negotiations and transactions of that company with Rud D. Bernhardt; that he was authorized to act for the plaintiff in these negotiations and transactions; he was authorized to sell the goods, to fix the terms and conditions of the sale and to give credit on the order.

These admissions and the fact that Mr. Bernhardt severed his connection with the New Orleans Paint & Color Company during the month of June, 1922, and was not engaged in business of any kind when the order for the goods was taken on June 22, 1922, and the fact that Mr. Palmer was on intimate terms with Mr. Bernhardt, socially, before and after his marriage; that Mr. Palmer interested himself in the window signs when Bernhardt & Co. opened business at 600 Baronne street, and assisted the company in securing advertising rates from the newspapers and procuring suitable display ads to be used in connection therewith; that he subsequently interested himself in an attempt to finance the company and keep it alive as a going concern; that neither he nor the plaintiff, so far as he knows, ever made a demand upon the Bernhardt estate for the payment of the debt; and that all of the itemized statements, invoices, and bills of lading are made to Rud D. Bernhardt Company, the account kept in that name, and all plaintiff's letters so addressed —are a series of consistent acts, from the taking of the order to the date of this suit, so at variance with Mr. Palmer's declaration that he was ignorant of the existence of the corporation, as to cast serious doubt upon his testimony, if not to actually negative it upon that fact. When these admissions and facts are considered in connection with the testimony of Mrs. Bernhardt and Miss Reagan, we cannot escape the conclusion that Mr. Palmer was acquainted with Mr. Bernhardt's business and affairs, and with his plans and purposes, to an unusual degree, and that with full knowledge thereof he negotiated the sale and dealt with Mr. Bernhardt as the promoter of a corporation that was to conduct a business at 600 Baronne street, and when ready to open business, that it was to handle the products of John Lucas Co., Inc., as their special line.

It appears that articles of incorporation were prepared, signed and advertised, but the charter was not filed in the office of the secretary of state and there is no proof that the required amount of the capital stock subscribed was paid in or that any stock certificates were issued.

The facts of this case obviate the necessity of proving a legal corporate existence.

"Where there has been a bona fide attempt to establish a corporation, for a purpose, as declared in the charter, which is authorized, or can reasonably be believed to be authorized, by law, and such attempt has been followed by actual user of the corporate franchise, the corporation acquires a de facto status, and, save in exceptional cases, the validity of its or-

ganization will not be inquired into at the suit of an individual; the matter being one for the consideration of the state alone." Weil v. Weil Building & Improvement Co. et al., 126 La. 938, 53 South. 56.

"One who has recognized the corporate existence of an association, by dealing with it as such, is estopped to assert the contrary for the purposes of a claim arising out of such dealing, * * * and it is unnecessary, for the purposes of such estoppel, that the de facto status of such corporation, or supposed corporation, should be established." Tulane Imp. Co., Ltd., v. S. A. Chapman & Co. et al., 129 La. 562, 56 South. 509.

The evidence shows that the estate of Bernhardt is not in possession of any part of the property upon which plaintiff asserts its vendor's lien. This property was seized by the owner of the premises occupied by Rud D. Bernhardt Company, for past-due rent and at the date of the suit was in the custody of the sheriff.

For these reasons we are of the opinion that the judgment of the lower court is correct, and it is therefore affirmed at appellant's cost.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.