**DILLARD et al. v. HAL BROWN & CO., Inc.**

Circuit Court of Appeals, Fifth Circuit.
November 29, 1927.

Rehearing Denied December 22, 1927.

No. 4975.

Corporations ⟨⟩29(1)—Seller of cotton to corporation having filed articles held not entitled to question its legality in purchaser's suit for breach of contract; "de facto corporation" (Act La. No. 267 of 1914, § 2; Act La. No. 78 of 1904, § 2).

Under Act La. No. 267 of 1914, § 2, and Act La. No. 78 of 1904, § 2, relative to creation of corporations, corporation executing articles before contracting for purchase of cotton constituted a "de facto corporation," legality of which could not be questioned by seller of cotton in subsequent action for breach of contract, but could only be attacked by state in direct proceedings to oust it from exercise of corporate powers.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, De Facto Corporation.]

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by Hal Brown & Co., Incorporated, against J. A. Dillard and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Wm. Boyce, of Amarillo, Tex., and E. L. Klett, of Lubbock, Tex. (Bean & Klett, of Lubbock, Tex., on the brief), for plaintiffs in error.

George Janvier, of New Orleans, La., and W. H. Bledsoe and C. C. Crenshaw, both of Lubbock, Tex., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. On July 31, 1923, the plaintiff, Hal Brown & Co., bought from the defendants, Dillard & Fullingim, 200 bales of cotton at 21 cents per pound, or $21,000, upon a contract providing for delivery in the following November or December. On the same day plaintiff made a contract for the resale of the cotton. The defendants refused to make delivery under their contract, and plaintiff, in order to fulfill its contract of resale, bought other cotton at an advance in price, and recovered judgment in the trial court for the loss thus sustained. The only defense to the action was that, at the time plaintiff and defendants entered into their contract, plaintiff was not a valid corporation, and therefore was incapable of becoming a party to a binding agreement.

Plaintiff is a Louisiana corporation. Its articles of incorporation were executed by a notary on the 27th of July, recorded by the recorder of mortgages on the 9th of August, and filed and recorded in the office of the secretary of state on the 29th of September, in 1923. The capital stock was fixed at $50,000, and all of it was subscribed by the incorporators, who paid in $12,500 immediately upon the execution of the articles of incorporation, and the balance of $37,500 on the 6th of September. It is provided by Act 267, § 2, of the Louisiana Legislature of 1914, that half the capital stock must be subscribed before the filing of the articles of incorporation, and half of the stock subscribed must be paid in before the corporation engages in business, and "that, until the full amount subscribed for has been paid in, the corporation shall not incur liabilities in excess of the amount paid in." It is further provided in the same section that the certificate of incorporation, when issued by the secretary of state, shall have the same effect as if it had been issued on the date the act of incorporation was executed. Act No. 78, § 2, of 1904, provides "that wherever parties have attempted to form a corporation and have executed, recorded and published the charter, all contracts made and acts done by such corporation shall be treated as the contracts and acts of valid corporations so far as affects the rights and obligations of the corporation and its shareholders, reserving, however, to the state the right to take such proceedings as may be authorized by law to enjoin or dissolve the said corporations if informal, or to compel the compliance by them with the requirements of the law in the formation of corporations."

We are of opinion that, under these statutory provisions, as construed by the Supreme Court of Louisiana, plaintiff was a de

facto corporation, and that the legality of its existence as such cannot be questioned by private parties in a collateral proceeding, but could only be attacked by the state in direct proceedings to oust it from the exercise of its corporate powers. Weil v. Leopold, etc., Co., 126 La. 938, 53 So. 56; John Lucas & Co. v. Bernhardt's Estate, 156 La. 207, 100 So. 399; Leader Realty Co. v. Lakeview Land Co., 127 La. 1059, 54 So. 350; Bond v. Scott Lumber Co., 128 La. 818, 55 So. 468. The above-cited cases from Louisiana are in accord with the general rule. Douglas County v. Bolles, 94 U. S. 104, 24 L. Ed. 46; 7 R. C. L. 63, 65, 68; 1 Fletcher on Corporations, §§ 273, 274. The conclusion is that the defense attempted to be set up is without merit.

The judgment is affirmed.