## MUSIC BOX, INC., v. HENRY MILLS AND MILWAUKEE SOCIAL CLUB

(March 18, 1929. Opinion and Decree.)
(April 1, 1929. Rehearing Refused.)

Arthur B. Leopold, of New Orleans, attorney for plaintiff, appellee.

John J. Wingrave, of New Orleans, attorney for Henry Mills, defendant, appellant.

JANVIER, J. The Music Box, Inc., a corporation, brings suit against Milwaukee Social Club, an alleged non-trading corporation, and also against Henry Mills, as surety, claiming rent due for the use of certain premises in this city. Payment is resisted by the surety on the ground that the lessor and the lessee conspired together, or at least agreed, without the knowledge and consent of the surety, to violate the prohibition laws of the United States and that, as a result of this violation, the occupancy of the premises was terminated suddenly and effectively by the

arrest and conviction of the lessee, Milwaukee Social Club.

It will at once be wondered how it is possible to arrest a club. Defendant's answer is that Milwaukee Social Club is merely a trade name for one Gober, who, masquerading behind this name, carried on the business of furnishing refreshments to the patrons of the Music Box, Inc., which occupied adjoining quarters.

We hardly think it lies in the mouth of Mills, who signed as surety for his principal, Milwaukee Social Club, to question the legal status of his principal. But, even if he be allowed the right to question such status, it seems to us that it is not the question of the existence "vel non" of the Milwaukee Social Club as a corporation which determines the validity of the defense set up by Mills. He contends that the conspiracy was entered by Music Box, Inc., through one Brennan, its managing head. In his answer, however, he admits that Music Box, Inc., is a legally incorporated concern and, having admitted this, he cannot now be heard to argue that Brennan, the managing head of the corporation, (if, in fact, he did enter into such conspiracy or agreement) was acting within the scope of his authority, because an officer of a corporation, no matter what his position, no matter what his authority, cannot, within the scope of his authority, agree to violate the laws of the State or of the United States. C. C. 443:

"A corporation can not commit the crime of treason, or any other crime or offense, in its corporate capacity, although its members may be guilty of those crimes in their individual and respective capacities."

If, acting within the scope of his authority and as the representative of the corporation, an officer could agree to violate the law, then that agreement would be an agreement of the corporation, and, since a corporation cannot commit a crime, it follows that it cannot conspire or agree to commit one.

. As a matter of fact, we find it very hard to believe that either of the corporations in question was legally organized, or that either has maintained its legal status as a corporation, but it does not appear to us proper to allow the collateral attack made by the surety in this case. In a case very much in point, involving the right of a private citizen to collaterally attack the legal status of a Louisiana Corporation, the U. S. Circuit Court of Appeals for the Fifth Circuit said:

"We are of opinion that, under these statutory provisions, as construed by the Supreme Court of Louisiana, plaintiff was a defacto corporation, and that the legality of its existence as such cannot be questioned by private parties in a collateral proceeding, but could only be attacked by the state in direct proceedings to oust it from the exercise of its corporate powers.

Weil vs. Leopold, etc., Co., 126 La. 938, 53 So. 56; John Lucas & Co. vs. Bernhardt's Estate, 156 La. 207, 100 So. 399; Leader Realty Co. vs. Lakeview Land Co., 127 La. 1059, 54 So. 350; Bond vs. Scott Lumber Co., 128 La. 818, 55 So. 468. The above cited cases from Louisiana are in accord with the general rule. Douglas County vs. Bolles, 94 U. S. 104, 24 La. Ed. 46; 7 R. C. L. 63, 65, 68; I Fletcher on Corporations, par. 273, 274."

Dillard et al. vs. Hal Brown & Co., Inc., 22 Fed. 2d Series, 677.

The evidence leaves little doubt that in the premises occupied by both of the corporations, illegal acts were frequently committed, but there is certainly enough in the evidence to show that they were committed neither by the corporations themselves nor by any person acting for either corporation within the scope of his or her authority. Such illegal acts as were com-

mitted by the officers of the corporations were committed while such officers were acting in their private capacities and, therefore, can have no legal, binding effect upon the corporations themselves.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed, at the cost of appellant.