McBRIDE, Judge.
By this suit plaintiff seeks to recover from defendant the sum of $262.80 on an open account. Defendant, after denying categorically all averments of the petition, reconvened for $200 for brokerage commissions allegedly, due by plaintiff.
Plaintiff recovered judgment for the amount prayed for, and the reconventional demand was dismissed as of nonsuit. Defendant appeals.
The open account consists of five invoices covering pecans shipped on defend *600 ant’s orders during October and November 1951 to certain of defendant’s customers in ■Texas, Louisiana, and Florida. Mr. Wagner, defendant’s President, complained that the prices shown on the last four invoices are higher than those which had been agreed upon, and if his testimony is to be accepted, there appears to be an overcharge of approximately $15. Plaintiff’s witness maintains that the charges reflected by the bills are the correct ones.. The trial, judge resolved this factual issue favorably to plaintiff, and we see no manifest error in such finding.
 Defendant complains of a ruling of - the trial judge rejecting certain testimony whereby defendant sought to. prove that the transactions were not sales and .resulted from a “brokerage arrangement.” Plaintiff objected to the admissibility of such evidence on the ground that it was inadmissible under defendant’s general denial of the allegations of the petition. Under the tender of the general issue, a defendant has the right to show the falsity of plaintiff’s allegations and that no obligation had ever existed on defendant’s part to plaintiff. John Lucas & Co. v. Bernhardt’s Estate, 156 La. 207, 100 So. 399; Byrne v. Hibernia National Bank, 31 La.Ann. 81. But it is unnecessary to review the court’s ruling as subsequent testimony of defendant’s president makes it certain that the invoices represent five outright sales.
The court also refused to admit over plaintiff’s objection any evidence going to show that the pecans were unfit for human consumption. We think this ruling was correct. Defendant’s tender of the general issue carried with it- a flat denial of any purchase, and the defense of red-hibition in the absence of a special plea thereof is unavailing to defendant. Matters of defense set up in avoidance or ex-tinguishment of an obligation admitted or proved to have once existed must be specially pleaded. Byrne v. Hibernia National Bank, supra; Templeman Bros. Lumber Co. v. Sinnot, 9 Orleans App. 305.
Plaintiff’s objection to the admission of evidence to support the reconven-tional demand because of the vagueness- and generality thereof was also correctly sustained. Defendant alleged that in October 1951 it commenced to represent plaintiff on a brokerage basis for the sale of pecans and other merchandise for plaintiff’s account, which arrangement continued in force until February of 1952; that plaintiff sold pecans and other merchandise directly to customers of defendant and failed to pay a three per cent brokerage commission to defendant; that the dates and amounts of the sales and the particular customers involved are unknown to the defendant, but that such information is. known to plaintiff; that the amount of commissions due defendant is in excess of $200.
A reconventional demand is considered in the same light as a petition setting forth a distinct cause of action; therefore, the cause of action must be set forth with the same clarity and precision as in a direct action. Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869; Teal v. Lyons, 30 La.Ann. 1140; Myers v. Maricelli, La.App., 50 So.2d 312; Barnard v. Dealers Finance Co., La.App., 9 So.2d 263; Robert v. Blythe Co., La.App., 145 So. 15. The reconventional demand does not meet with this test in that it is fatally deficient in essential allegations. Among other things, the reconvenor failed to set forth the terms of the brokerage agreement and whether it was oral or in writing; nor is it alleged what merchandise in addition to pecans was the subject matter of the agreement; the names and addresses of defendant’s customers as well as the dates, amounts, and details of the sales made to them by plaintiff are not stated.
For the reasons above assigned, the judgment appealed from is affirmed.
Affirmed.