STOKER, Judge.
This is a suit by a mortgagee against a clerk of court for damages for failure of the clerk to note in a mortgage certificate three judgments bearing on certain mortgaged property. The certificate was requested after the mortgagee, Lafayette Building Association (LBA), had disbursed its loan funds on behalf of the buyer. One of the disbursements was in the form of a check sent by LBA to pay off an existing mortgage on the property granted by the seller. LBA claims that it should recover from the clerk of court on the basis of the following argument: Had the after-the-fact mortgage certificate listed the three obligations bearing on the property, LBA could have issued a stop order on its payoff check sent to the seller’s mortgage holder and thus could have avoided its loss resulting from having to pay off the three judgment obligations totaling $31,670.28.
After suing the Clerk of Court of Lafayette Parish, Ogdan C. Guilliot, and certain alleged insurers, answers and various cross claims were filed. Plaintiff-appellant filed a motion for summary judgment. The trial court denied the motion for summary judgment and dismissed plaintiff’s suit with prejudice. Plaintiff appealed. We affirm.
FACTS
In order that the issue can be more clearly viewed, we will set forth the specific facts of this case.
LBA agreed to loan money to Harold Chastant to purchase property located in Lafayette belonging to Thomas Farrell De- *1155 sormeaux. Mr. Desormeaux’s property was mortgaged to Alliance Mortgage Corporation. In exchange for the loan to be made to him Mr. Chastant agreed to execute a mortgage on the property in favor of LBA.
LBA requested from the clerk of court, in December of 1983, a mortgage certificate reflecting any liens, mortgages or other encumbrances against the Desormeaux property. The certificate was issued on December 5, 1983 and showed only the mortgage in favor of Alliance Mortgage Corporation. The sale from Desormeaux to Chastant was passed on January 12, 1984. The mortgage in favor of LBA was executed the same day and a check drawn on LBA’s account at First National Bank of Lafayette was sent to Alliance Mortgage Corporation’s Florida office. The acts of sale and mortgage were thereafter recorded on January 13, 1984 and at that time LBA requested that the mortgage certificate of December 5, 1983 be updated.
The updated certificate was issued by the clerk’s office on January 16, 1984 and reflected the Alliance mortgage and LBA’s hewly recorded mortgage. The check to Alliance Mortgage Corporation cleared LBA’s account at First National Bank on January 19, 1984.
Several weeks later, it came to LBA’s attention that three judgments totaling $31,670.28 had been filed against Mr. De-sormeaux. These judgments were recorded on December 12, 1983, January 4, 1984 and January 5,1984. The mortgage certificate issued by the clerk on January 16, 1984 failed to disclose the existence of these judgments. In order to prevent the seizure and sale of the property subject to its mortgage, LBA paid the judgments against Desormeaux which encumbered the property. This suit for damages against Guilliot, Forum Insurance Company and Great Plains Insurance Company ensued.
PLAINTIFF-APPELLANT’S POSITION
LBA alleged in its petition that had it received an accurate mortgage certificate on January 16, it would have issued a stop payment order on the check sent to Alliance Mortgage Corporation and would have held the funds for future disposition. It is LBA’s contention that it was damaged as a result of the clerk’s omission on the mortgage certificate.
TRIAL COURT’S RULING
The trial court found that the facts of the case were not in dispute. It found that LBA did not rely on the January 16, 1984 mortgage certificate because at the time the certificate was issued the sale had already taken place. In this connection the trial court cited in its written reasons the case of Tranchina v. Williams, 10 La.App. 666, 120 So. 882 (La.App. Orleans 1929). The trial court rejected LBA’s argument that Tranchina was distinguishable for the reason that the check payable to Alliance Mortgage Corporation had not been presented and timely notice of the rec-ordation of the judgments against the property would have permitted LBA to stop payment on the check.
The rejection of LBA’s motion for summary judgment disposed of the case and the trial judge signed a judgment dismissing the suit with prejudice in favor of Guil-liot, the Clerk of Court, Forum Insurance Company and Great Plains Insurance Company. The cross claims, some of which fell with the rejection of plaintiff’s claim, are not on appeal except as the claimants make protective arguments in case of the reversal of the judgment against LBA.
RULING ON APPEAL
The trial court’s ruling is correct and should be affirmed. No exceptional discussion or citation of authority is necessary to demonstrate the correctness of the trial court’s ruling. The appellant’s argument simply misses the point. Analysis of the facts shows the error of appellant’s position. It is clear that LBA did not rely on the January 16, 1984 mortgage certificate at the time of the loan closing and sale. The only colorable argument is LBA’s second argument.
The facts present two sets of contracting parties. Chastant agreed to buy and De- *1156 sormeaux agreed to sell the property in question. LBA agreed to lend Chastant the funds with which to make the purchase in exchange for the payment of interest and the giving of a mortgage. It was LBA’s responsibility to satisfy itself that the property title was clear and free of encumbrances. Although it disbursed the loan funds, as is usual in loan closing transactions, once the funds were disbursed it had completed its contract. LBA was never a party to the contract of sale. LBA was powerless to call back part of the purchase price from the seller. Clearly the payoff made to Alliance Mortgage Corporation was part of that purchase price.
Nevertheless, LBA’s position is that, in essence, it could have called back part of the purchase price by stopping payment on the check sent as a mortgage payoff to Alliance Mortgage Corporation. The drawee bank no doubt would have honored the stop payment. However, this would not have improved LBA’s legal position because, in fact, it would have breached its loan contract with the purchaser. LBA apparently confuses its position with that of the purchaser who might have called the seller on his warranty of sale. LBA was not a party to the contract of sale.
Had LBA learned of the three judgments in time to stop payment on the payoff check, we feel that Chastant could, nevertheless, have required LBA to make good on the loan contract and readvance the funds necessary to make the mortgage payoff. Stopping payment on the payoff check would accomplish nothing.
For the foregoing reasons the judgment of the trial court insofar as it dismisses the suit of Lafayette Building Association is affirmed. We are not required to pass on the counterclaims briefly mentioned in this opinion.
AFFIRMED.
FORET, J., dissents and assigns reasons.