PARGOUD *vs.* GUICE, ADMINISTRATOR, &c.

APPEAL FROM THE COURT FOR PROBATES FOR THE PARISH OF OUACHITA.

A witness for plaintiff has no right to refresh his memory by reference to the plaintiff's books, where it does not appear the entries were made by the witness.

A general allegation of a party being indebted in a gross sum, without any specification of the time, place or manner, in which the claim accrued, is too vague, to authorise the admission of proof in support of it.

The plaintiff sues Guice as the administrator of the estate of Jeremiah Griffin, deceased, who died in January, 1832,

WESTERN DIS
October, 1833.

PARGOUD
vs.
GUICE,
ADM'R, ETC.

claim'ng from said estate, the sum of one thousand fifty-four dollars and twenty-nine cents, with interest. The demand is made up of several notes and accounts alleged to be due and owing by the succession of Griffin, at the time it was opened. He prays judgment, and that his demand may be paid out of the succession of Griffin, by the defendant, as administrator.

The defendant denies that the estate owes the plaintiff any sum, but avers that the latter is indebted to the estate which he administers, in the sum of four thousand six hundred sixty-nine dollars and fifty-five cents. He avers that he has always been ready to settle accounts with the plaintiff; has never refused to allow claims properly presented; and that the demand sued on, never was legally presented.

The judge of probates gave judgment allowing the whole amount claimed, and ordered property enough of the estate of Griffin, to be sold for cash, to satisfy the judgment.

The defendant moved for a new trial, on the following grounds:

1. That the judgment was contrary to law and evidence.

2. That the decree to sell the property for cash, was contrary to the determination of a family meeting, which had ordered it to be sold on a credit, &c.

The motion being overruled, the defendant appealed.

R. C. Scott, attorney of plaintiff, proved the presentation of the demands sued on, to the administrator for payment, and his refusal to allow them.

A bill of exceptions was taken by defendant, to the opinion of the judge, allowing a witness for plaintiff to refer to his books to refresh his memory, in relation to the accounts about which he was testifying.

Another exception was taken by the defendant to the judge's decision, overruling his motion to introduce evidence, showing that the estate did not owe the amount claimed, and that a deduction should have been made, before the administrator could allow any portion of plaintiff's claim, and before the latter could sue, &c. The evidence was rejected on the ground of not being set up in the pleadings;

payment not being pleaded; but, that the plaintiff owed the defendant a larger sum.

WESTERN DIS
*October*, 1833.

PARSOUD
*vs.*
GUICE,
ADM'R. ETC.

MARTIN, J., delivered the opinion of the court.

The defendant resisted the claim against the estate on the ground that the plaintiff was not a creditor of one thousand fifty-four dollars and twenty-nine cents, as he stated, but was a debtor of the deceased for four thousand six hundred sixty-nine dollars and fifty-five cents; and on these grounds the plaintiff had judgment, and the defendant appealed.

His counsel took two bills of exceptions in the court below; the one was to the court allowing the plaintiff's books to be introduced for reference, by his clerk, who was offered as a witness to establish the items in plaintiff's account; and the other was to the refusal by the court to receive in evidence certain documents, by which the defendants wished to prove that the plaintiff owed to the estate.

We think the court erred in permitting the use of the plaintiff's books, and permitting the witness to resort to them to refresh his memory. There is not a clearer rule of evidence, than that which declares the plaintiff's books not to be evidence for him; and that a paper which could not be read in evidence, may be resorted to by a witness to refresh his memory, as a memorandum made by himself. It is not pretended that the entries in the plaintiff's books, to which the witness was permitted to recur, had been made by himself. They might have been made by another clerk, or the plaintiff himself, or by his order and direction.

*A witness for plaintiff has no right to refresh his memory by reference to the plaintiff's books, where it does not appear that the entries were made by the witness.*

But we think the Court of Probates consistently rejected the documents by which the defendant sought to prove claims on the estate of the plaintiff. These claims were not pleaded in compensation or re-convention, nor set up in such a manner as to enable the plaintiff to be informed of their nature or amount. So to be able to disprove or admit them. A general allegation of the plaintiff's being indebted in a gross sum without any certificate of the trial, plan

*A general allegation of a party bing indebted in a gross sum without any specification of the time, place or manner in which the claim accrued is too vague to authorise the admission of proof in support of it.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and the case remanded, with directions to the judge not to allow the plaintiff's witness to refresh his memory by a reference to the plaintiff's books; the costs of appeals to be borne by the appellee.