### ANTOINE JONAU *v.* LOUIS FERRAND.

### THE SAME *v.* THE SAME.

A balance due on an unsettled account cannot be pleaded in compensation in an action on a promissory note ; nor in reconvention, when unconnected with the plaintiff's claim. It must be sued for in a direct action.

Pleas in reconvention must be set forth with the same certainty as to amounts, dates, &c., as if the party opposing them were plaintiff in a direct action.

APPEAL from the City Court of New Orleans, *Cooley,* J.

*Janin,* for the plaintiff.

*Schmidt,* for the appellant.

MARTIN, J. These two cases are of the same nature, and have been presented to us and argued together. The first is on two small notes, given by the defendant to the plaintiff, and taken up by the latter after protest. The second, is on a note of one thousand dollars, in the same situation. In the record of the second suit, is that of another brought by the same plaintiff against the same defendant, in the same court, in a due bill for nine hundred and fifty dollars, and of another in the Commercial Court on a promissory note for thirteen hundred and twenty-five dollars. The defendant answers in all these suits, that there have been, for several years, running accounts between the parties, unsettled since the year 1839, on which there is a balance in his favor of fifteen hundred and fifty-two dollars. On this answer being ordered to be stricken out, he pleaded payment.

The plaintiff had judgment on the notes, for one hundred and seventy-two dollars, two hundred and thirty-eight dollars, and

one thousand dollars, with interest, and costs of protest; and the defendant has appealed. His counsel has complained that the judge erred in ordering the answer to be stricken out. It appears to us that he did not err. The answer can only be considered as a plea of compensation, or one in reconvention. In the first case, compensation could not be admitted, because what it was based on was absolutely unliquidated; and the plaintiff's demand being on promissory notes of the defendant, was of the most liquidated kind. As a plea in reconvention, the defendant could not be permitted to offer a claim absolutely unconnected with that of his adversary. It does not appear to us that the judge erred in considering the plea of payment as totally unsupported. If the defendant had accounts on which a balance was due him, having forborne to demand it in a direct action, he could not expect to be permitted to thwart the plaintiffs' progress in the two cases before us. Even if the balance could be offered in reconvention, it ought to have been rejected, because the allegation was not specific, but too general. In the case of *White* v. *Moreno*, 17 La. 372, we held that "pleas in reconvention should be set forth with the same certainty as to amounts, dates, &c., as if the party opposing them, were himself a plaintiff in a direct action."

*Judgment affirmed.*