CLEMENTS
*v.*
CASSILLY.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## McMASTERS *v.* PALMER.

Pleas in reconvention must be set forth with the same certainty, as to amounts, dates &c., as if the party opposing them were plaintiff in a direct action.

Where evidence in support of a reconventional demand has been illegally received, though excepted to on the ground of its inadmissibility on account of the vagueness and uncertainty of the plea in reconvention, the court of the first instance cannot deprive the party of the rights acquired under his bill of exceptions, by offering to grant a new trial if he would make any showing contradictory of the evidence so received.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Van Dalson*, for the appellant. *Remy* and *Soulé*, for the defendant. The judgment of the court was pronounced by

ROST, J. The defendant was the banker of the plaintiff, who now sues for $300, the alleged balance in his favor of their general account, which he annexes to his petition. The defendant denied his being in any manner indebted to the plaintiff; and alleged that, on the contrary, at the time specified in the petition as the period when the discount business to which it alluded terminated, the balance, instead of being against the defendant, was in his favor, for a sum exceeding $2,400. He prays for a judgment in reconvention. The plaintiff excepted to the plea in reconvention on the ground that it is too vague and uncertain, and should have been set forth with certainty as to amount and date. The court did not act on this exception, but, on the trial of the cause, when the defendant offered in support of his claim in reconvention three checks of his own to the order of the plaintiff, which it is admitted the bank paid him, the said plaintiff opposed their admission as evidence, on the grounds alleged in his exception. This opposition was overruled by the court, and he took a bill of exceptions. The court proceeded to try the cause, and gave judgment in favor of the defendant in reconvention, for $2,050.

The plaintiff moved for a new trial, on the grounds alleged in his bill of exceptions, and further on the ground that the judgment is contrary to, or at least unsupported by, evidence, because the checks admitted by the court to prove the recon-

McMASTERS
v.
PALMER.

ventional demand do not raise a presumption of indebtedness of the plaintiff to the defendant.

The district judge stated, in refusing the new trial, that he had admitted the defendant's checks in evidence as items to his credit, in addition to the items placed to his credit in the plaintiff's account. He further stated that, at the time of rendering the judgment, he had told the plaintiff's counsel that if he would make any showing that these checks did in reality refer to other transactions than those embraced in the account, he would grant a new trial; no showing having been made the new trial was refused, and the plaintiff took the present appeal.

Under the uniform jurisprudence of this court, the exception of the plaintiff was well taken, and should have been sustained. The plea in reconvention was too vague and uncertain, and the defendant should not have been permitted to offer evidence under it. *Pargoud v. Grice*, 6 La. 75. *White v. Moreno*, 17 La. 372. *Jonau v. Ferrand*, 2 Rob. 216. *Wilcox v. His Creditors*, 11 Rob. 347. 5 La. 450. The court could not deprive the plaintiff of the rights acquired under his bill of exceptions, by offering to grant a new trial if he would make a showing contradictory of the evidence already received.

It is true, as urged by the plaintiff, that the mere paying over of money, or of a bank check, by a party to another, is not, as a general rule, presumptive evidence of a loan. But as the checks on which the defendant relies are not properly before us, we are unable to determine whether the defendant has brought himself within any exception to that rule.

Taking into consideration the previous connection in business of the parties and the object of this suit, we believe that the ends of justice will be promoted by remanding it.

It is, therefore, ordered that, the judgment in this case be reversed, and the case remanded for further proceedings, according to law, and in conformity with the rules laid down in the foregoing opinion; the defendant and appellee paying the costs of this appeal.