BRUNOT, J.
 

 Relator bases his application for the writs applied for upon the following alleged grounds:
 

 First. Richard A. Dowling, an attorney at law, was employed by him to defend the above-entitled suit. The case" was allotted to Division A of the civil district court, and was assigned for trial. On the day fixed for the trial relator’s counsel had to complete the trial of an open case in that court, and, under the rules of the civil district court, no attorney is compelled to try more than one case therein on the same day.
 

 Second. Relator’s attorney, after completing the trial of the open case in Division A of the civil district court, was compelled to immediately begin the trial of a case, in which he was employed as counsel, in the Court of Appeal, which court, under its rules, has preference in- the docketing and trial of cases filed before it.
 

 Third. That the foregoing facts were made known to the judge of Division A of the civil district court, and, for the reasons stated, relator’s counsel applied to that court in vain, for a continuance of the case of Rodick v. Jacobs.
 

 Fourth. That the case against relator was reached and taken up in Division A of the civil district court at about ten minutes to 3 o’clock p. m. on said day, without the relator or his counsel being present, at which time the plaintiff’s testimony was heard and judgment was rendered in favor of the plaintiff and against relator.
 

 Fifth. That relator filed a motion in Division A of the civil district court for a new trial, alleging therein, as grounds therefor, all of the foregoing facts; but said motion was overruled.
 

 Upon the overruling of the motion for a new trial relator applied to this court for writs of certiorari, prohibition, and mandamus. An order to show cause issued, and in response thereto the record has been sent up, and the district judge and the plaintiff in the suit have filed separate returns. These returns show that the law is not correctly stated in relator’s application, and the facts are not fully and accurately set forth therein. The district judge annexes to his return a printed copy of the rules of the civil district court for the parish of Orleans. We have read the rules, and find that there is no rule of the civil district court which prevents any judge of that court from compelling an attorney at law to try more than one case in that court on one day. Neither rule 10, nor the amendment of section 2 of rule 10 nor section 5 of rule 13, which are the provisions relied upon by relator, can be so construed as to sustain relator’s contention. Section 2 of rule 10 and the amendment of that section of the rule relate solely to the fixing of causes for’ trial by the minute clerks of the several divisions of the court. It is not contended or intimated that the minute clerks did not fix relator’s case for trial in strict conformity to rule 10 as amended,
 

 Section 5 of rule 13 is, in part, as follows:
 

 “Each judge, on each day, Fridays excepted, shall, at 10 o’clock a. m., or as soon as practicable thereafter, call the list of cases on his judges’ docket for trial that day, and on this call, the counsel who desire continuances shall apply therefor, by verbal motion; but no such motion Shall be entertained by the judge except
 
 *33
 
 in the following cases, and under the following conditions:
 

 “(a) The engagement of counsel in the actual trial of a case in another division of the court, or in some other civil court of record,” • etc.
 

 The quotation from section 5 of rule 13 does not strip the judge of discretion in the matter. It cannot be interpreted as authorizing counsel who are called upon to try more than one case, in the same or in separate courts, on the same day, to demand, for that reason alone, a continuance of either case, as a matter of right. Especially is this so when it appears that the minute clerks have fixed the eases for trial in exact conformity to rule 10 as amended. Where such a situation is presented the court’s ruling upon a motion for a continuance is reversible only when it is shown that the judge is chargeable with an abuse of judicial discretion. The learned judge, in his return, cor-' rectly says:
 

 “Respondent shows it is the practice, and has always been the practice, of the civil district court, that when a ease is called and it is made to appear to the judge that counsel, although actually engaged in the trial of a cause, in a civil court, will in all probability finish that case in time to take up a case, to do what is called ‘pass the case,’ and hold it on its docket until counsel finishes the case in which he is engaged and comes to the court, after due notice, to take up his ease as soon as he is at leisure; and your respondent shows that if it would be possible under circumstances like this to try five cases in a day, there is no rule of court forbidding a judge to force him to trial as soon as he is at leisure and disengaged, and there is no reason why the case should not be tried.”
 

 The record discloses that the judge overruled relator’s motion for a continuance, but
 
 passed
 
 the case in the manner indicated in the foregoing quotation from his return.
 

 Both returns, that of the district judge and Of the plaintiff, show that relator and his counsel, voluntarily and without cause, absented themselves from Division A of the civil district court when relator’s case was reached, taken up, and tried. With reference thereto the judge in his return says:
 

 “Lour respondent further shows that some time before the completion of the case of Maloney Motor Car Co. v. Jacobs, approximately 30 minutes before, seeing that the case was approaching its close, your respondent sent his crier, John T. Malloy, up to the Court of Appeals to inform and warn Mr. Dowling that as soon as he finished his case in the Court of Appeals, that he was required to report immediately to Division A of the civil district court, to take up the case of Rodick v> Jacobs, was informed that the court was holding the case, would call it and would try it, to which he acceded, either in words or by silence, and the crier of your respondent returned to his court and made a report to your respondent that he had delivered the message, and in all probability the case in the Court of Appeals would soon be finished and the case of Rodick v. Jacobs could soon be taken up.
 

 “Lour respondent shows that when about approximately 2:35 or 2:40 p. m., the case of Maloney v. Goelz was finally finished and disposed of, your respondent again sent his crier, John T. Malloy, up to the Court of Appeals to inform Mr. Dowling that the court had reached the Rodick Case and was ready to try it, and the crier, in reaching the Court of Appeals, in obedience to this order, found that Mr. Dowling had finished his case in the Court of Appeals and left and the Court of Appeals had adjourned. There was then approximately 50 minutes left in which to try the case of Rodick v. Jacobs, and your respondent ordered his crier to go out into the corridors and call Mr. Dowling and his client, Mr. Jacobs, which was done three times and no appearances made, whereupon, Mr. Richardson, attorney for the plaintiff in the case, Rodick, demanded a trial, which your respondent could not justly or lawfully deny to him, and thereupon the case was taken up and the plaintiff proved his case to the absolute satisfaction of your respondent, said plaintiff completely making out his case, as will appear’ from the evidence taken, which is on file in the record, which your respondent sends up with this answer and return, in obedience to the order of your honorable court.
 

 “Now your respondent shows unto your honors that there was and could be no misunderstanding between him and Mr. Richard A. Dowling; that Mr. Dowling was informed fully, completely and perfectly, that it was the intention of respondent to call and try the case 'of Rodick v. Jacobs, if Mr. Dowling was at leisure at any time previous to 3:30 p. m., and your
 
 *35
 
 respondent now charges that Mr. Dowling deliberately absented himself,from the court for the purpose of avoiding the trial of this case.”
 

 The plaintiff in his return, excepts to relator’s application upon the ground that the notice required by rule 15 of this court was not given by relator to the judge or to the plaintiff or to his counsel. The z'ule has been amended so that a failure to give notice is not how a cause for dismissing the proceeding. 152 La. vii.
 

 For the reasons stated, the rule to show cause heretofore issued herein is recalled and vacated, and relator’s application for writs of prohibition and mandamus are denied, at his cost.