PER CURIAM. Plaintiff sued for the sum of $12,300 as salary, "with legal interest thereon from date of judicial demand, and for such other sums upon the percentages of net profits as may be in due course determined as herein above alleged."

In reversing the judgment appealed from, which dismissed plaintiff's suit, this court, through inadvertence, neglected to award plaintiff interest and percentages of net profits as prayed for.

It is therefore ordered that our original decree be amended by adding after the words, "at the rate of $300.00 per month," "with legal interest from judicial demand and reservation to plaintiff of his commissions under the contract as and when earned."

It is now ordered that the decree, as amended, be made the final judgment of the court in this case.

(122 So. 584)

No. 29375.

**BERNOS v. MICHEL et al.**

April 22, 1929. Rehearing Denied May 20, 1929.

James N. Brittingham, Jr., and Russell J. St. Paul, both of New Orleans, for appellants.

Oliver S. Livaudais, of New Orleans, for appellee.

ROGERS, J. The defendants appeal from a judgment rendered against them in solido on four past-due promissory notes. Their complaint is that the court below erred in overruling a motion for a new trial.

The case was regularly fixed for trial in the court below for March 19, 1928. Neither the defendants nor their counsel appeared, nor was any request for a continuance made in their behalf. The case was ordered tried, and, upon the showing made by plaintiff, judgment was rendered as prayed for.

In their motion for a new trial defendants allege that on the day the case was called for trial their attorneys were engaged in the trial of another case before the Twenty-First district court in the parish of Tangipahoa; and that, as a consequence, they had no opportunity to fairly offer any evidence in support of their defense.

■■ Appellants invoke paragraph (a) of section 5 of Rule 13 of the Civil District Court as a reason why the case, when called for trial, should have been continued, viz.: "The engagement of counsel in the actual trial of a case in another division of the court, or in some other civil court of record."

But there is no dispute that this case was regularly fixed for trial in accordance with the rules of the court, and that when it was called for hearing on the day so fixed, no notice was given to the court nor to opposing counsel, and no motion was made for a continuance. In this situation, that portion of section 5 of Rule 13 of the Civil District Court immediately preceding paragraph (a) hereinabove quoted is appropriate, viz.: "Each judge, on each day, * * * shall call the list of cases on his judge's docket for trial that day, and on this call, the counsel who desire continuances shall apply therefor, by verbal motion; but no such motion shall be entertained by the judge except in the following cases, and under the following conditions." Here, beginning with paragraph (a) hereinabove quoted, follows a list of the exceptions.

In Rodick v. Jacobs, 166 La. 30, 116 So. 583, this court interpreted that portion of section 5 of Rule 13 of the Civil District Court hereinabove referred to, and held that it did not strip the trial judge of his discretion, requiring him to grant as a matter of right the application of counsel for a continuance on the ground that he is engaged in the trial of a case in the same or in a separate court. A fortiori is this interpretation of the rule applicable in a case where no motion for a continuance nor any appearance whatever is made by a litigant or by his counsel.

■■ A new trial should not be granted unless substantial justice requires it. In their answer, defendants admitted the execution and the maturity of the notes sued on, but pleaded that they were extinguished under an agreement whereby plaintiff had agreed to purchase from them certain property exceeding in value the amount of the notes; that they have been ready and willing at all times to deliver the property to plaintiff, who has failed to comply with her

agreement and accept said delivery. A new trial, therefore, would avail defendants nothing. Their plea of compensation or set-off if pleadable at all, is too vague and indefinite to permit them to offer any evidence in support of it. The plea does not describe the agreement, its date, the character of the property, or its value. In fact, it gives no specification whatever of the alleged offset. Beall v. Allen, 2 La. Ann. 932; Kenner v. Peck, 2 La. Ann. 938; McMasters v. Palmer, 4 La. Ann. 381; Maillet v. Martin, 7 La. Ann. 635; Alexander v. Seccomb, Brooke & Adams, 9 La. Ann. 7; Bayly & Pond v. Stacey & Poland, 30 La. Ann. 1210.

Our conclusion is that there was no abuse of his judicial discretion on the part of the trial judge in ordering the case to be tried, and, subsequently, in refusing defendants' application for a new trial.

For the reasons assigned, the judgment appealed from is affirmed.