Hoepiiy, J.
delivered the opinion of the court.
The plaintiff claims $1400 for his salary during two years and four months as assistant clerk of the defendant in the district, parish and probate courts, in and for the parish of East Baton Kouge. The answer admits the services of plaintiff, but charges him with neglect and unskilfulness in the discharge of his duties-, and with habits of dissipation, in consequence of all which his services are alleged to have been at no time worth more than $20 per month. The defendant farther avers that plaintiff is indebted unto him in the sum of $600, for cash advanced and bills paid for account of plaintiff to divers persons, which sum he offers as an offset against the plaintiff’s claim. The case was submitted to a jury, who gave plaintiff a verdict for $577. After an effort to set it aside, the defendant appealed.
Our attention has been drawn to a bill of exceptions to the opinion of the judge below, who refused to hear witnesses to prove the payment of the $600 *228 [373] alleged to have been paid to plaintiff. The reason assigned by the judge was that there were no allegations in the defendant’s answer of the specific amounts paid to each of the witnesses, and the dates of the said payments made by the defendant. "We think that he decided correctly. Article 367, of the Oode of Practice, requires compensation to be pleaded specially. Pleas in compensation or in reconvention should be set forth with the same certainty as to amounts, dates, &c., as if the party opposing them were himself a plaintiff in a direct action. The reasons for so doing are the same in both cases. It was perhaps the more necessary in the present instance, as the testimony was offered to contradict plaintiff’s answer to an interrogatory propounded by defendant, in relation to this amount or sum of $600, alleged to have been paid to him. The answer was that the plaintiff had received only $394 62, of which there was about $200 paid by defendant in cash.
As to the merits of this case as exhibited by the record, there appears to have been some difference of opinion as to the value of plaintiff’s services. It has also been proved that some time was lost in consequence of the plaintiff’s occasional dissipation; for this, however, the jury appear to have made some allowance. Upon the whole, we are not prepared to say there is manifest error in the verdict; or that the purposes of justice require that the ease should be remanded for a new trial.
The judgment of the district court is therefore affirmed, with costs.