GRANVILLE P. SMITH, Administrator, *v.* JOSEPH J. SCOTT and another.

A surety who binds himself with his principal, *in solido*, is not entitled to the benefit of discussion ; and may be sued alone for the whole debt. His obligation must be regulated by the principles applicable to debtors *in solido*. C. C. 3014.

Pleas in compensation must be set forth with the same certainty as to amount, dates, &c , as would be necessary if the party setting them up were the plaintiff in a direct action. General allegations will not suffice.

To entitle a defendant to a trial by jury, under the 24th section of the act of 20th March, 1839, he must show, by his affidavit, that his means of defence are certain and unequivocal, and that they will affect the plaintiff's right to recover.

APPEAL from the District Court of Rapides, *King*, J.

*Brent* and *O. N. Ogden*, for the plaintiff.

*Hyams*, for the appellant.

SIMON J.   The defendant, Hawkins, is appellant from a judgment condemning him to pay the amount of sundry promissory notes, subscribed by him as the security, *in solido*, of his co-defendant Scott, which notes were given by Scott for the price of several slaves, purchased by him at the sale of the property belonging to the succession administered by the plaintiff.

The pleadings show that the defendants filed their answer on the 19th of May, 1841, in which they pleaded the general issue ; that on the 31st of the same month, the plaintiff filed a *remittitur*, in which he acknowledges that the defendants are entitled to two credits, amounting together to $5500, paid at two different periods ; and that on the same day, the defendants obtained leave to file an amended answer, in which they state that *large payments have been made* upon the notes sued on, which are not credited thereon. They pray for a trial by jury ; and the affidavit of Scott in support of the prayer, alleging that the allegations set forth in the amended answer are true, is thereto annexed.

The case was called for trial, but the jury having been previously discharged, the judge *a quo* continued it with regard to the defendant Scott, and ordered it to be tried as to the defendant Hawkins ; whereupon Hawkins took a bill of exceptions to the opinion of the court ruling him to trial, without giving him the benefit of a trial by jury.   There was judgment in favor of the plaintiff.

The only question which this case presents, arises out of the bill of exceptions.   It is contended that the affidavit made by Scott ought to enure to the benefit of his co-defendant ; that Hawkins, being sued as Scott's security, had a great interest that judgment should not be rendered against him before it was rendered against the principal debtor, particularly as compensation and payment had been pleaded ; and that the defendant Hawkins had a right to avail himself of the pleas, which were to be inquired into by a jury.

It is clear that the defendant Hawkins, having obligated himself, and being sued as the security, *in solido*, of his co-defendant, was not entitled to the plea of discussion ; and that the effect of his engagement was to be regulated by the same principles which

are by law established for debtors *in solido*. In such a case, he might have been sued alone for the whole amount of the debt (Civ. Code, art. 3014); and judgment could have been legally rendered against him, in the absence of his co-debtor or principal obligor.

It is true that the answer was filed by both defendants together; but the allegations of compensation or payments by them relied on in their answer, are not such as to entitle them even to produce evidence in support of the pleas. In the case of *White* v. *Moreno*, 17 La. 372, we held that pleas in compensation should be set forth with the same certainty, as to amount, dates, &c. &c., as if the party opposing them were himself plaintiff in a direct action. General allegations do not suffice. For aught that appears, we should be disposed to believe that the pleas of compensation and payment opposed by the defendants, relate to the sums for which a *remittitur* was filed by the plaintiff; as their answer does not inform us that they paid any other sum, at any other time.

But it is urged that the case should have been tried by jury. We think not; for, supposing the defendant Hawkins to have signed the affidavit, his allegations are too loose to be within the meaning and object of the act of the 20th of March, 1839. In the case of *Amado* v. *Breda*, 16 La. 258, we said, that to entitle a party to a trial by jury, under the provisions of that act, he must show, in his affidavit, that his means of defence are certain and unequivocal, and that the facts sworn to by him, are so stated in his answer as to show clearly that they would affect the plaintiff's right of recovery. At all events, as we said in the case above quoted, the defendant Hawkins might have tried his pleas before the court as well as before a jury, and, not having availed himself of them, we are induced to presume that they could not be substantiated.

This case, however, is not such, in our opinion, as to entitle the plaintiff to the damages by him prayed for in his answer, as for a frivolous appeal.

*Judgment affirmed.*