## JOHN WILCOX *v.* HIS CREDITORS.

A plea of compensation is in the nature of a demand, and should be accompanied with a specification of the particular amount expected to be compensated, of the manner in which the party who claims the benefit of it acquired a right thereto, and with every circumstance of time and place which ought to be given in other demands.

A syndic of the creditors of an insolvent, though himself an attorney and counsellor at law, may procure the assistance of counsel in cases in which *he needs it.* He is a judge of the necessity ; and where the value of the services is proved, and it is not shown that such assistance was improperly sought, the fees of the counsel must be paid out of the estate surrendered.

Prescription is interrupted by a *cessio bonorum* made by the debtor.

One who has loaned money to an insolvent, before his surrender, for the purpose of satisfying a judgment obtained against him, should prove the loan and subrogation and the receipt of the money by the judgment creditor, by a notarial act. C. C. 2156 § 2. But where the loan and subrogation were proved by authentic act, and parol evidence was admitted in the lower court, without objection, to establish the payment to the creditor, it will be too late to object to the nature of the proof of payment, after appeal.

APPEAL from the District Court of the First District, *Buchanan, J.*

G. B. *Duncan* and *Barker,* for the appellants,

*Hennen,* syndic, *pro se.*

*Emerson,* for the appellee, Thompson.

*McHenry,* appellee, *pro se.*

MARTIN, J. Chester Clark, Thomas Hunt and Wells Phillips, trustees of the New York creditors, and Josiah Barker, are appellants in this case.

Barker complains that the court erred in disallowing his claim for $88, paid by him on a note filed, and in rejecting proof of compensation of the claim of the New York creditors ; and that, in the event of this claim being disallowed, the court erred in rejecting the balance of $88 52, due him for commissions. He complains of an allowance of $1,500 to McHenry, for counsel fees, because the parties interested were present ; the syndic did not require the aid of counsel ; and McHenry was counsel for some of the parties in the case ; for the further reasons, that the property mortgaged before the failure ought

not to be exhausted for this purpose ; and because the allowance is extravagant, and ought to be reduced.

The trustees of the New York creditors claim the rejection of every allowance to Barker, McHenry, and Hester Matilda Thompson. The claim of McHenry was opposed on the same ground as that taken by Barker. Those of Barker and Thompson, as being unsupported by evidence, and barred by prescription.

Barker's counsel has called out attention to a bill of exceptions, which he took to the opinion of the court, on the rejection of the evidence offerred to support the plea of compensation. It does not appear to us that the court erred. This was an effort to reject the claim of the New York creditors, on the ground that it was extinguished by compensation. The District Court thought the plea too vague and indistinct ; that the creditors ought to have been informed of the nature of the compensation intended to be proven, in order to prepare themselves with evidence to disprove it. The plea of compensation is in the nature of a demand, and ought to be accompanied with a specification of the particular amount expected to be compensated, the manner in which the party who claims the benefit of it acquired a right thereto, and with every circumstance of time and place which ought to be given in other demands.

The claim of McHenry is opposed on the ground that the syndic is a practising attorney of the court in which the proceedings on the failure are instituted ; that he did not need the advice or assistance of counsel ; that the sum allowed is extravagant ; and that McHenry was employed by some of the parties in the case, who had an interest adverse to those whom the syndic was bound to protect. We are of opinion that a syndic, although he be an attorney, may procure the assistance of counsel in cases in which he needs it ; that he is a judge of the necessity ; and that, in the present case, there is no evidence that the aid of McHenry was not properly sought. The proposition that he was of counsel for a party, or parties, who had an interest adverse to that which the syndic was bound to protect, is not established by proof. It is, indeed, shown that he was appointed curator of some minors having such an interest ; but

the appointment did not take place until the termination of the suits in which he was employed by the syndic. Respectable members of the bar attest that the charge is not an incorrect one.

We have not been enabled by this appellant to discover in the evidence anything in support of his two small claims for commissions and disbursements.

What we have said on the opposition of Barker to the claim of McHenry, renders it unnecessary to speak of it on the opposition of the New York creditors.

Their opposition to Barker's claim is unsupported, and the plea of prescription thereto cannot avail, as the insolvent made a surrender of his property within a year or two after any part of it was demandable.

Hester Matilda Thompson's claim is on a subrogation of a judgment obtained by Bundy against Wilcox, as a lender of the amount of that judgment to Wilcox for the payment thereof.* The loan is established by a notarial act. So ought to have been the receipts by Bundy. If this had been done, the subrogation would have been perfect. The payment to the creditor is proven by parol. Civil Code, art. 2156 § 2. These appellants might have opposed the introduction of parol evidence to show that the amount of the judgment had been received by Bundy, the creditor, and they cannot complain in this court that it was received. The plea of prescription cannot avail, for the reasons given in the case of Barker.

*Judgment affirmed.*

---

* The loan and act of subrogation were made on the 1st of January, 1837. Wilcox made his surrender in 1839.