## BEALL v. ALLEN.

A plea in compensation which states that defendant had paid as surety for plaintiff's wife an obligation, against which plaintiff had promised to hold him harmless, on which obligation judgment had been obtained against defendant, stating the amount thus paid, but not describing the obligation, its date, the creditor, the time of payment, nor the title of the suit in which the judgment was obtained, is too vague. No evidence will be admissible under it.

APPEAL from the District Court of Caddo, *Taylor*, J. *Terrell*, for the plaintiff. *Gilbert* and *Landrum*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff alleges that he entrusted to the defendant a quantity of cotton to be ginned and baled for the plaintiff, for which service payment was to be made; and that the defendant has sold the same, or converted it to his own use. He asks for judgment for the return of the cotton, or its value. The defendant answered by a general denial, and a plea in compensation. At the trial of the cause, the defendant offered a witness to prove his claim in compensation; but this testimony was rejected.

On examining the answer and plea in compensation, we find it defective in that certainty which is required in such a plea. The plea is that the defendant has paid, as surety for the plaintiff's wife, a certain obligation, against which the plaintiff promised and was bound to hold him harmless, and upon which obli-

gation a judgment had been obtained against the defendant. The plea states the amount thus paid; but does not describe the obligation, its date, the creditor, the time of payment, nor the title of the suit in which the judgment was obtained. The plea was too vague and indefinite, and the defendant had no right to offer evidence under it. See *White v. Moreno,* 17 La. 373. *Smith* v. *Scott,* 3 Rob. 260.

The claim of the plaintiff was proved. *Judgment affirmed.*