## KENNER v. PECK.

Where a plea in compensation does does not specify either the amount or the nature of the offset, no evidence will be admissible under it. C. P. 367.

Time will not be allowed to a party to obtain the answers of his opponent to interrogatories. when, even if taken for confessed, the facts they might establish would be impertinent to the issue. C. P. 350.

Interest will be allowed from maturity on a note payable at the counting-house of the payee, bearing interest " after due until paid," though the protest, made several years afterwards, was the only evidence of a formal presentment at the place of payment, when the tenor of a letter written by the maker to the plaintiff, recognising the debt and promising payment, justifies the inference that the defendant had provided no funds at the place of payment.

APPEAL from the District Court of Catahoula, *Mayo*, J. *O. Mayo*, for the plaintiff, cited 2 Mart. N. S. 84. 17 La. 371. 3 Rob. 258. *Purvis*, for the defendant, relied on C. P. 347 to 350. 7 Mart. N. S. 269. *Bradford* v. *Cooper*, 1 An. R. 325. 12 Rob. 243. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff sues as holder of a promissory note made by the defendant to the order of *Taylor, Gardiner & Co.*, and by them endorsed, payable at their counting-house in New Orleans. There was judgment for the plaintiff, and the defendant has appealed.

The first point urged by the defendant is, that the court below improperly refused him time to obtain the answers of the plaintiff to interrogatories propounded. The purport of these interrogatories was, to ascertain from the plaintiff whether *Taylor, Gardiner & Co.* were not the real owners of the note, with a view, as the defendant contends, of enabling him to establish a compensation, or set-off, of claims due to him by *Taylor, Gardiner & Co.* But the plea of compensation was framed in a manner so loose and defective, giving no specification whatever of the nature of the offsets, that no evidence would have been admissible under it, and the interrogatories, if taken as confessed, would have been impertinent to the issue really made by the pleadings, which amounted in legal effect to nothing more than the general issue, and a question of prescription. There was therefore no error in the ruling of the court. See C. P. 350, 367. *White* v. *Moreno*, 17 La. 371.

The plea of prescription was properly disregarded. Five years had not elapsed from the maturity of the note to the date of the service of citation.

The appellant contends that interest should not have been allowed from the <span style="float:right">KENNER<br>v.<br>PECK.</span> maturity of the note, but only from the day of protest. The note stipulates interest at ten per centum per annum after due, until paid. It is made payable at the counting-house of *Taylor, Gardiner & Co.*, and was protested some years after maturity. The protest is the only evidence offered of a formal presentment at the stipulated place of payment. But a letter of the defendant addressed to the plaintiff is in evidence, which recognises the indebtedness, in reply to a letter of the plaintiff, and promises payment. The tenor of this letter justifies the inference that the defendant had provided no funds at the place of payment, and, coupled with the stipulation for interest after due till paid, justified the allowance of interest from maturity.

<div style="text-align:right">*Judgment affirmed.*</div>