## J. A. MAILLET et al. *v.* PAULIN MARTIN.

Proof of compensation cannot be received where the defendant's plea of compensation is vague and indefinite. Such a plea should state the nature and amounts of the claims, with such precision as to prevent the plaintiffs being surprised.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Canonge*, for plaintiffs. *Dufour*, for appellant. By the court:

ROST, J. Under an amicable settlement between the plaintiffs and the defendant, involving various commercial transactions, the latter agreed to pay, and did pay said plaintiffs, $3500, and assumed to pay *Peter Maillet*, of the Island of Martinique, the further sum of seven thousand francs, if so much was due him by the plaintiffs; and, if less was due, he bound himself to account to them for the difference. Subsequently the defendant paid *Peter Maillet* four thousand three hundred and eighty-seven francs fifty-five centimes, under this agreement, and took his receipt for that amount.

The plaintiffs, admitting this payment to have been properly made, alleged this to have been the whole amount of their indebtedness to *Peter Maillet*, and

<div style="margin-left:auto">

MAILLET
*v.*
MARTIN.

</div>

now claim from the defendant the remainder of the seven thousand francs, under their agreement with him.

The defence set up is, that the indebtedness of the plaintiffs to *Peter Maillet* exceeded seven thousand francs, and that the whole amount has been settled by compensating a portion of it with certain claims the defendant held against him, and by paying the remainder in cash, as appears by the notarial receipt in the record.

On the trial of the cause the defendant offered evidence to prove these allegations, and also for the purpose of showing that, in the settlement, the agent of *Peter Maillet* claimed at first the full amount of the seven thousand francs, but afterwards agreed to the compensation proposed, and a notarial receipt was given for the amount paid in cash.

Upon the objection of the plaintiffs' counsel, the court refused to admit proof of compensation, because the defendant had not pleaded compensation with sufficient precision to enable the plaintiff to offer proof to the contrary. The defendant took a bill of exceptions.

The evidence having been excluded, the defendant failed to substantiate his allegations, and the case is before us on an appeal from the judgment rendered against him. We are of opinion that the plea under which the evidence of the defendant was offered, was too vague and indefinite to justify its admission. It did not state the nature and amount of the claims compensated, and would have operated a surprise to the plaintiff.

The plea in the case of *White* v. *Moreno*, 17 L. R. 372, was the same as that of the defendant. The court then refused to admit the evidence, on the ground that the specific amounts paid, and the date of the payments were not stated in the answer. The case turned upon the principle that pleas in compensation, should be set forth with the same certainty as to the amounts, dates, &c., as if the party opposing them were himself a plaintiff in a direct action. This decision was reviewed and affirmed in the case of *Smith* v. *Scott*, 3 R. R. 258.

The principle of these decisions being a rule of practice, clearly deducible from the article of the code which provides, that compensation must be pleaded specially, we feel bound to adhere to it. The judgment must, therefore, be affirmed. The rights of the defendant, for so much of the plaintiffs' debt, to *Peter Maillet*, which he may have extinguished by compensation, remain unimpaired.

It is ordered, that the judgment in this case be affirmed, with costs.