## John Alexander *w.* Seccomb, Brooke & Adams.

The plea in compensation is in the nature of a demand, and should set forth as explicitly the
manner in which the party, who claims the benefit, acquired his right, with every circumstance of
time, place, &c., as if the matters offered in compensation, were the subject of a direct action.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. J.
*B. Britton*, for plaintiff and appellant.

CAMPBELL, J. This suit was brought by *John Alexander* against the late
firm of *Seccomb, Brooke & Adams*, on their promissory note for fifteen hundred
dollars, dated January 1st, 1848, payable to the order of *W. Martin & Co.* and
by them endorsed, without recourse.

*Seccomb* only was cited, and answered for himself alone. Admitting the
signature of the note, he avers that it was originally given to *W. Martin &
Co.*, the payees and endorsers; that at its maturity, and while it was still in
the hands of payees and owned by them, the respondent, as liquidating part-
ner of the firm of *Seccomb, Brooke & Adams*, held and owned a check drawn
by *W. Martin & Co.* in New York, for one thousand dollars, and protested for
non-payment; that compensation took place for so much of the note sued on
as said draft amounted to; that subsequently, respondent was induced to
believe, by the representations of *W. Martin & Co.*, that they had transferred
said note to the Canal Bank, and, acting under their fraudulent representations,
he, in error, accepted a dividend of thirty per cent. on the draft drawn by
*Martin & Co.* As a further defence, respondent avers that, about the 2d of
February, 1850, he made a full settlement with the Canal Bank of all claims
held by them against the firm of *Seccomb, Brooke & Adams:* that the note
sued on was then in the possession of the bank, was embraced in the settlement
and thereby extinguished.

Judgment was rendered in favor of the plaintiff for $827 54, being the <span>ALEXANDER</span> amount claimed, less the demand of defendants in compensation, which was <span>v.<br>SECCOMB, BROOKE</span> allowed. From this judgment, after an ineffectual attempt to obtain a new <span>& ADAMS.</span> trial, plaintiff has appealed.

Our attention has been directed to a bill of exceptions to the opinion of the judge, overruling the objections of plaintiff to the testimony of *M. Lindo*, a witness called to testify in relation to a draft drawn by *Warrick Martin & Co.* The testimony of this witness was objected to on the grounds, that the dates and the names of the parties to the assignment offered in compensation, were not set forth in the answer; that the answer was too vague and uncertain; and that testimony could not be introduced in relation to a draft, when a check was declared upon.

We think the court erred. It has been repeatedly held that a plea in compensation, being in the nature of a demand, should be accompanied with a specification of the particular amount expected to be compensated, of the manner in which the party who claims the benefit, acquired his right, with every circumstance of time, place, &c., which ought to be given in other demands, as fully and explicitly as if the matters offered in compensation were the subject of a direct action; otherwise, no evidence will be admissible under it. The plea filed by defendant is deficient in most of these essentials. The name of the drawer is given, and the amount; but we have no specification of the time when drawn or payable, or the name of the drawer or payee, nor of notice of protest to the drawers; or an averment that notice of non-payment was given to the drawer.

The plea, we think, was too vague and uncertain, and the defendant should not have been permitted to offer evidence under it. See C. P. 367. *McMasters* v. *Palmer*, 4 A. 381. *White* v. *Moreno*, 17 La. 372. *Smith* v. *Scott*, 3 R. 258. *Wilcox* v. *His Creditors*, 11 R. 347. *Beall* v. *Allen*, 2 An. 932.

We are further of opinion, that the court erred in overruling the objection of plaintiff to the introduction on the part of defendants, of the insolvent proceedings in the matter of *Brooke* v. *His Creditors*, to prove that *Brooke* had been discharged from the payment of the note sued on. The answer contains no such allegation. Conceding next the discharge was granted, *non constat*, that the defendant did not assent thereto. A party cannot be thus surprised by the proof of what is not alleged, or of which no notice has been given.

Respondent has failed to establish his plea, that the note sued on was extinguished by settlement made with the Canal Bank. Indeed, it is conclusively proved that the note was not included in the settlement with *Voorhies*.

The conclusion to which we have arrived, renders it unnecessary to examine the bills of exception taken by defendant. The signature to the note sued on is admitted, and the defences set up have failed.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be reversed. And it is further ordered, adjudged and decreed, that plaintiff, *John Alexander*, do recover from the defendant, *E. Seccomb*, a member of the late firm of *Seccomb, Brooke & Adams*, the sum of fifteen hundred dollars, with interest thereon from January 1st, 1848, and costs in both courts. And it is further adjudged and decreed, that the demand in compensation be dismissed without prejudice.