(102 So. 869)

No. 26586.

STRINGFELLOW v. NOWLIN BROS. et al.

(Jan. 5, 1925.   Rehearing Denied Feb. 2, 1925.)

1. Pleading ⚍⚍138—Reconventional demand considered as petition.

Position of one instituting a reconventional demand becomes that of plaintiff so that, although demand be inserted in answer, it is not considered as a part thereof but as a petition setting forth a distinct cause of action.

2. Pleading ⚍⚍143—Reconventional demand subject to rules of pleading.

As a reconventional demand is considered as a petition setting forth a distinct cause of action, it is subject to all rules of pleading applicable to plaintiff, and must be set forth with same clearness and precision as if alleged in a direct action.

3. Dismissal and nonsuit ⚍⚍19(3)—Reconvention claim may be prosecuted, notwithstanding discontinuance.

Reconvention after institution may exist without support of a principal demand so that, even if plaintiff discontinues suit, reconvener has right to prosecute his claim in reconvention, notwithstanding discontinuance.

4. Pleading ⚍⚍343—Plaintiff not permitted to obtain judgment on face of papers to prejudice of reconventional demand.

Under Pleading and Practice Act (Act No. 300 of 1914, now Act No. 228 of 1924, § 1, par. 2, subsec. 4), plaintiff is not permitted to obtain judgment on face of papers to prejudice of a reconventional demand.

5. Evidence ⚍⚍96(2)—Burden of proof is on reconvener.

A reconventional demand enjoys status of independent suit in which burden of proof is on reconvener to establish facts alleged.

6. Appearance ⚍⚍19(4)—Nonresident defendants filing plea of reconvention held subject to jurisdiction of court.

In suit commenced by attachment and garnishment, nonresident defendants, by filing a demand in reconvention for damages by reason of attachment and garnishment, came into court as plaintiffs in view of Code Prac. arts. 96, 374, and 375, and Act No. 50 of 1886, and subjected themselves to jurisdiction of court.

7. Pleading ⚍⚍228—Exception of no cause of action for failure to itemize statement held properly overruled.

In suit on account, defendants' exception of no right or cause of action based on alleged failure of plaintiff to itemize statement attached to petition was properly overruled, since, if statement was insufficient, defendant's remedy was by way of an exception of vagueness.

8. Parties ⚍⚍96(5)—Permitting plaintiff to amend petition changing parties defendant, if error, held cured.

Court's action, in suit against partnership in permitting plaintiff to amend petition by changing individual defendants, if error, was cured when all defendants subsequently appeared and filed an exception of no right or cause of action, and, when such exception was overruled, answered to the merits.

9. Account, action on ⚍⚍22—Evidence in suit on account held sufficient.

In suit on account, evidence held to support judgment for plaintiff.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell and E. P. Mills, Judges.

Suit by G. W. Stringfellow against Nowlin Bros. and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Dickson & Denny, of Shreveport, for appellants.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

ROGERS, J. This is a suit against a partnership and its individual members, originally alleged to have been five brothers. It was commenced by attachment and garnishment, on the ground of defendants' nonresidence.

Defendants were never personally cited. A curator ad hoc was appointed to represent them. The garnishee answered that nothing was due defendants. The matter rested there, until defendants appeared in court by their attorneys and moved to dissolve the attachment, denying they were nonresidents, and alleging that the attachment bond was defective; at the same time defendants instituted a reconventional demand for damages for loss of time, attorney's fees, and injury to their reputation and credit.

When these pleadings were filed, plaintiff moved for and obtained a default on his main demand, claiming that defendants had appeared in the case and subjected themselves to the jurisdiction of the court, without the necessity of formal citations. Defendants then moved to set aside the default. This motion was overruled. With full reservation of their rights, defendants then filed an exception of no right or cause of action. This exception was also overruled. Defendants thereupon answered, denying in toto the allegations of plaintiff's petition.

The motion to dissolve the attachment and the reconventional demand were tried before Hon. E. P. Mills, one of the judges of the First judicial district court, resulting in a judgment maintaining the attachment against the partnership, but dissolving it as against the individual members thereof, and rejecting the reconventional demand. No appeal was taken from this judgment.

The case on the merits was heard before Honorable T. F. Bell, also one of the judges of said First judicial district court and judgment was rendered in favor of plaintiff and against the partnership and the members thereof jointly for the amount sued for. The case is before us on appeal by defendants from this judgment.

Defendants contend that it was error on the part of the court below to force them to trial on the merits, since they were not in court, and had not become subjected to its jurisdiction by motion to dissolve the attachment.

There is authority for the proposition that the appearance of a nonresident simply for the purpose of setting aside an attachment is not an appearance subjecting him to the jurisdiction of the court on the merits. Bonner v. Brown, 10 La. Ann. 334; Meritz v. Marks, 26 La. Ann. 740. However, that is not the point at issue. The question to be determined is not whether the motion to dissolve may be construed as a submission to the jurisdiction of the court, but whether the institution by defendants of their reconventional demand, invoking the jurisdiction of the court for the purpose of asserting a large claim for damages against plaintiff must be considered as bringing them into court for all the purposes of the case.

By article 374 of the Code of Practice, a reconventional demand is defined to be a demand which the defendant institutes in consequence of that which the plaintiff has brought against him, and it is termed a demand in reconvention. Code Prac. art. 375, provides that the demand in reconvention must necessarily be connected with, or grow out of, the main demand.

Prior to the year 1886 a defendant seeking damages for the wrongful issuance of a conservatory writ was relegated to an action on the bond. Since the passage of Act No. 50 of that year, the defendant in all cases of arrest, attachment, etc., may in the same suit, by reconventional demand, recover from plaintiff the damages he may have sustained by the illegal resort to such writ.

[1-4] One who desires relief by means of a

reconventional demand must *institute* such a demand in court. His position, in reconvening, becomes that of plaintiff. So much is this the case that, although the demand be inserted in the answer, it is not considered as a part of the answer, but as a petition setting forth a distinct cause of action. Powell v. Graves, 14 La. Ann. 873. It is therefore subject to all the rules of pleading applicable to plaintiff, and must be set forth with the same clearness and precision as if alleged in a direct action. Frank v. Hollander, 35 La. Ann. 582; Bayly & Pond v. Stacey & Poland, 30 La. Ann. 1210; Teal v. Lyons, 30 La. Ann. 1140; Lallande v. Ball, 21 La. Ann. 185; McMasters v. Palmer, 4 La. Ann. 381. And, unlike an intervention, after institution it may exist without the support of a principal demand; so that, even if plaintiff discontinues the suit, the reconvener has the right to prosecute his claim in reconvention, notwithstanding the discontinuance. Barrow v. Robichaux, 15 La. Ann. 70; Davis v. Young, 35 La. Ann. 739, and authorities therein cited. And under the Pleading and Practice Act (Act 300 of 1914, now Act 228 of 1924, par. 2, subsec. 4 of section 1) plaintiff is not permitted to obtain judgment on the face of the papers to the prejudice of a reconventional demand.

In setting up their claim for damages, defendants have availed themselves of the provisions of Act 50 of 1886, referred to supra. The act permits the demand for damages to be made by way of reconvention *in the same suit*. And a suit is defined to be "a real, personal or mixed demand, made before a competent judge, by which the parties pray to obtain their right, and a decision of their disputes. In that acceptation the words suit, process and cause are almost synonymous." Code Prac. art. 96.

[5, 6] It is clear, therefore, that the institution of a reconventional demand implies the existence of a prior suit or main demand in court. But, while the method of trial must be governed by the conditions of the main action, the reconventional demand enjoys the status of an independent suit, in which the burden of proof is upon the reconvener to establish the facts alleged. Hence, when the defendants filed their demand in reconvention, they came into the First judicial district court in the character of plaintiffs, seeking to "obtain their right" and "a decision" of their dispute on the matters and things alleged in their reconventional demand, and subjecting themselves to the jurisdiction of said court.

In the case of Blanks v. Lephiew, 132 La. 545, 61 So. 615, this court held that a defendant who excepted to the jurisdiction of the court on the ground of nonresidence, and where no property of his had been attached, waived said exception by appearing generally without reservation thereof, and instituted by way of reconvention a suit in damages.

[7] The court below correctly overruled the exception of no right or cause of action. The basis of this exception was the alleged failure of plaintiff to itemize the statement attached to the petition. The statement in question purports to give the details of the account sued on. If it was insufficient, and defendants desired further information in regard thereto, their remedy was by way of an exception of vagueness, and not by an exception of no right or cause of action.

When the motion to dissolve was first called for trial plaintiff filed with leave of court over defendant's objection an amended petition setting forth that in describing the members of the partnership he was in error as to two of the brothers originally named, and he asked that his said suit be dismissed in so far as it prayed for an individual judgment against them, and that another brother, who was a member of said partnership, but whose name had been omitted from the original petition, be included in said suit. The action as it then stood was one against the

firm of Nowlin Bros., and the individual members thereof consisting of four of the Nowlins, three of whom had been named in the original petition, and one of whom had been named in the amended petition.

[8] Defendants contend that the court below erred in permitting plaintiff to amend his petition changing the parties defendant. This error, if it be an error, to permit the correct designation of the partners to be set forth, where the partnership itself is in court, was cured, when all the defendants subsequently appeared by counsel and filed (1) an exception of no right or cause of action, and, when said exception was overruled (2) an answer to the merits.

[9] Passing to a consideration of the merits, we find ample testimony to support the judgment rendered in favor of plaintiff. The account which is sued on is in the handwriting of the bookkeeper of the defendants, and is a correct copy of plaintiff's account as it appears on their books. Plaintiff testified that the amount was due and unpaid, and, in this, he was corroborated by other testimony appearing in the record, and none of the defendants took the stand to deny the indebtedness.

Judgment affirmed.

O'NIELL, C. J., concurs in the result.