## ROBERT v. BLYTHE CO., Inc. *
### No. 14339.

Court of Appeal of Louisiana. Orleans.

Jan. 3, 1933.

Emmet Alpha, of New Orleans, for appellant.

Jas. G. Schillin, of New Orleans, for appellee.

WESTERFIELD, J.

The plaintiff in this case entered into an agreement to purchase two lots of ground in the parish of Jefferson for the sum of $220, to be paid in installments, the agreement of purchase being embodied in a written contract sometimes called a "Bond for Deed." On February 3, 1931, the entire purchase price plus the agreed cost of an act of sale and the taxes on the property having been paid, plaintiff requested that the property be transferred to her. Defendant company admitted that plaintiff was entitled to the property in a letter addressed to plaintiff's counsel, under date of December 21, 1931, and asked for time in which to execute its agreement. This letter reads in part as follows:

"Along with a great many other people we are trying to carry out our contracts in good faith and have managed to do so with some delays even in these very difficult times. We expect to continue to do so with the necessary grace.

"Your client is in a position to bring a successful suit it appears, but frankly I do not see any advantage in such a suit for your client and it certainly will harm us.

"We can make the necessary release but must have ten days in which to make it. Other than that there are no obstacles in the way of making title.

"Please do your best to get us the necessary delay. It will help all around and harm no one."

On January 5, 1932, the property not having been transferred in the interval, this suit was brought. It is claimed that the amount paid on account of the property, $260.69, should be treated as earnest money, and that plaintiff should have judgment for double that amount, or the sum of $521.38, with legal interest from February 2, 1931.

Defendant answered admitting its default in respect to its contract for the sale of the Jefferson parish lots, but pleaded in compensation the sum of $185, in the following language:

"That whatever debt respondent might have owed the plaintiff, if any, on December 21, 1931, had been theretofore compensated and extinguished by the debt owed by plaintiff to respondent, growing out of a contract, whereby plaintiff contracted with respondent for the purpose of Lots 3 and 4 in Square 15, of the subdivision known as Bridge City, situated in Jefferson Parish, for $220.00, upon which she had paid only $35.00, leaving still due by plaintiff to respondent, the principal sum of $185.00.

*Rehearing denied January 30, 1933. Certiorari denied by Supreme Court March 27, 1933.

"That the plaintiff owes to defendant 6% per annum interest upon said unpaid price of $185.00, since September 28th, 1931, for failure to pay the installment due that day upon said debt, which continues to run against the plaintiff.

"That the debt of $220.00, herein sued for by the plaintiff, and the debt of $220.00, less $35.00, herein plead by respondent, as compensation, are of the same rank and class in law, and have off-set and counter-balanced each other, automatically and without the necessity of the will of either party to said two contracts."

When defendant attempted to offer proof in support of its plea in compensation it was objected to upon the ground that the plea in compensation had not been set forth with sufficient particularity to permit of the introduction of proof, in view of article 367, Code of Practice.

"The plea being in the nature of a demand should specify the particular amount to be compensated, the manner in which the right thereto was acquired, and every circumstance of time and place to be given in other demands; otherwise, no evidence will be admissible under it. [1841] White v. Moreno, 17 La. 371; [1842] Smith v. Scott, 3 Rob. 258; [1845] Wilcox v. [His] Creditors, 11 Rob. 346; Beall v. Allen, 2 La. Ann. 932; [1847] Kenner v. Peck, 2 La. Ann. 938; [1852] Maillet v. Martin, 7 La. Ann. 635; [1854] Alexander v. Seccomb, 9 La. Ann. 6." Dart's Code of Practice (1932) Note 2, Under article 367.

The evidence was also objected to upon the ground that the debt which it was attempted to set up in compensation was not equally liquidated and demandable as required by R. C. C. art. 2209.

The objection to the evidence was maintained, and, there being no other defense, judgment was rendered in plaintiff's favor in the sum of $260.09. Defendant has appealed, and plaintiff has not asked for any increase in the judgment.

In ruling upon the objection, the court, a quo, used the following language:

"Pretermitting any discussion of the pleadability in compensation of the debt claimed in compensation, the law of this state requires specification in pleading by way of compensation just as it does by way of reconventional demand. Inasmuch as the law does not permit replication, it becomes necessary, under the established jurisprudence, for a person pleading in compensation to set forth the debt pleaded with detailed specification, so as to put the plaintiff or the defendant, as in this case, in compensation on notice as to the particular debt that is pleadable in compensation. There has been a failure to do this. The objection is well taken and is maintained."

On behalf of defendant it is contended that the failure to plead compensation in greater detail is of no consequence, since the answer gives a description of the lots, which were the subject of the contract, as 3 and 4 of square 15 of the subdivision known as Bridge City, situated in Jefferson parish, and also names the purchase price of the lots as $220. These details, it is said, sufficiently identify the contract to permit of the administration of proof in support of the claim arising under it. The fact that the date of the contract is not given nor mention made of whether it was an oral or written contract is said to be of no importance whatever. Recurring to the codal article (C. P. art. 367) we find that no evidence will be admitted under a plea of compensation unless it specifies "the manner in which the right thereto was acquired, and other circumstances of time and place to be given in every detail." An examination of the pleading of this case with this article in view convinces us that defendant has failed to meet this exaction. A plea in compensation should be set forth with the same certainty as is required by a plaintiff in a direct action. The penalty for a failure to do so is attendant with somewhat different consequences due to the absence of replication in our system of pleadings. The failure of the plaintiff to give necessary details is not fatal, since he may amend following the maintenance of an exception of vagueness, but the failure of a defendant to meet the necessities of pleading results in the deprivation of the right of presenting proof in support of his claim; no amendment being permitted. This is true with respect to the analogous plea in reconvention. Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869; Stroud v. Beardslee, 2 Mart. (N. S.) 84; Perry v. Gerbeau, 5 Mart. (N. S.) 14; McMasters v. Palmer, 4 La. Ann. 381; Wilcox v. His Creditors, 11 Rob. 346.

Our conclusion is that the judgment of the trial court is correct, and, for the reasons assigned, it is affirmed.

Affirmed.