McBRIDE, Judge.
During September 1936 defendant, Robert E. Clark, procured from the mother of plaintiff certain shares of the paid-up capital stock of one of the homesteads in New Orleans, with the understanding that he would pay her for the value thereof at such time as the liquidator of the homestead association fixed the valuation. Plaintiff’s mother died during 1941, and he, as her heir, succeeded to her claim against defendant.
In 1946 the value of the stock was fixed at $1310.00. At various times thereafter defendant paid plaintiff $500.00 on account, and by this suit plaintiff claims and seeks to recover from defendant the balance of $810.00.
Defendant interposed an objection to the claim on the ground that it was barred by the prescription of three, five, and ten years. However, by agreement of counsel, the objection was overruled;, defendant then answered, denying all and singular the allegations of the petition.
*554 The matter was tried on its merits in the court below, and plaintiff recovered judgment as prayed for; from this judgment the appeal now before us was taken by defendant.
At the outset we notice that defendant has not reurged his exception of prescription,. and we take it, therefore, that the plea has been abandoned.
The evidence convinces us that the judgment appealed from is correct. The record clearly shows that defendant owes plaintiff the amount claimed. Defendant does not dispute that fact; his only contention is that the claim has been discharged and is, therefore, extinguished. He filed with us what he terms an exception of no right of action,' grounded on allegations that the claim sued upon “was paid and discharged ipso jure, compensated and offset” by certain cash payments which he made to plaintiff’s mother, and by the amount of certain expenditures made for her account, aggregating a total of $954.22.
Although defendant filed no special plea of payment or compensation in his answer, or otherwise, he nevertheless, on the trial of the case below, sought to prove that plaintiff’s mother was indebted unto him for the cash advances and for the monies expended for her account. Timely objection was made to the proffered evidence by plaintiff’s counsel, on the ground that it was irrelevant and inadmissible in the absence of a special plea of compensation or payment having, been made by defendant. The trial judge maintained the objection, but “let the objection go to the effect so that a record may be made up,” and admitted the testimony. Defendant relies upon the testimony so admitted, maintaining that it supports his plea filed in this court.
While the judge ruled correctly in maintaining the objection, he clearly erred by permitting the introduction of the testimony “so that a record may be made up.” Were we to give consideration to the questioned testimony, that would be equivalent to setting at naught plaintiff’s objection thereto, which the lower court maintained. Where evidence is improperly admitted over a seasonable objection, an appellate court is under the duty of disregarding it. Compensation, ■ which is one of the three incidental demands available to a defendant under our law, must be made in writing in the same manner that the principal demand is made; C.P. arts. 363 and 365. It may be urged at every stage of the proceedings, provided that it be pleaded specially, either in the answer to the principal demand or by a distinct and separate demand; C.P. arts. 367 and 368.
The plea being .in the nature of a demand should specify the particular amount to be compensated, the manner in which the right thereto was 'acquired, and every circumstance of time and .place to be given in other demands; otherwise no evidence will be admissible under it. White v. Moreno, 17 La. 371; Smith v. Scott, 3 Rob. 258; Wilcox v. His Creditors, 11 Rob. 346; Beall v. Allen, 2 La.Ann. 932; Kenner v. Peck, 2 La.Ann. 938; Maillet v. Martin, 7 La.Ann. 635; Alexander v. Seccomb, 9 La.Ann. 6; Robert v. Blythe Co., Inc., La.App., 145 So. 15; Cigali v. Kaplan, La.App., 37 So.2d 467.. •
Like compensation, to be susceptible , of proof, defenses such- as payment, release, novation, etc., which go to show the extinguishment of an obligation admitted, or proved to have existed, must be pleaded specially, and cannot be urged under a general denial of the facts alleged in the petition, otherwise the plaintiff might be taken by surprise. Eustis v. St. Germain, La.App., 161 So. 203; Vaughan & Sons, Inc. v. Burnaman, 2 La.App. 333; Templeman Bros. Lumber Co. v. Sinnot, 9 Orleans App. 305; Byrne v. Hibernia National Bank, 31 La.Ann. 81; New Orleans Gas Light & Banking Co. v. Hudson, 5 Rob. 486; Mortimer v. Trappan’s Estate, 9 La. 108.
Defendant’s counsel argues that the rule should be relaxed, because defendant would have the right to bring a separate action against plaintiff, and whereas the plea and evidence supporting it are before us, even though it should be deemed that the testimony had been improperly received, we should consider the plea and the evidence, *555 in order to eliminate the possibility of a circuity of actions.
Under such circumstances as are present here, we have no authority whatever to entertain the plea. Defendant did not assert it in the trial court, and permitted judgment to be entered, and if he has any claim capable of being offered in compensation he is relegated to asserting it in a separate action by the emphatic provisions of the Code of Practice.
Article 372 reads thus: “When the defendant opposes compensation, not in his answer, but by instituting a separate demand before the same court in which the suit is pending, the plaintiff shall be bound to answer in the cause, although he may have his domicil out of the jurisdiction of such court; provided the compensation so opposed be not of such nature or amount as to render such court incompetent.”
And Article 373 provides: “If the defendant suffer judgment in the original suit, without pleading such compensation as he may have to oppose, as provided above, he shall not, on that account, lose his right of action against the plaintiff to recover whatever amount such plaintiff owes to him; but he must bring his action before the court within whose jurisdiction the plaintiff has his domicil.”
The exception is overruled and the judgment is affirmed.
Affirmed.