KENNON, Judge.
This case is before us on an appeal by Consumers Ice Company of - Shreveport, Inc. from a judgment in favor of plaintiff. The opinion rendered by our learned brother of the District Court on appellants’' application for rehearing so well sets forth the issues and the District Court’s reasons fo,r judgment that we are reproducing same in full as a basis for our discussion.
“The plaintiff herein sued the Louisiana Ice Company, Inc., the Oakdale Ice Company, Inc., the Morgan Vivian Ice Company, Inc., and the Consumers Ice Company of Shreveport, Inc. for the sum of $1667.74, representing the premiums on certain insurance policies sold to the defendants by the plaintiff.
“The defendants 'filed an answer in which it is admitted that the sum of $1667.74 is due the plaintiff, but they allege that said sum is due by the Consumers Ice Company of Shreveport, Inc.
" “Further answering, the Consumers Ice Company of Shreveport, Inc. alleges that it has credits due from the plaintiff, the exact amount of which are uncertain, but that upon receiving the proper credits they allege and believe that the said credits will amount to more than the sum sued for- herein.
“After this answer was filed the plaintiff proceeded against the Consumers Ice Company, Inc. by rule to show cause why the plaintiff should not have judgment against it as prayed for. The defendant, Consumers Ice Company, Inc., answered this rule and the matter was heard by the court on the date of April S, 1950. After argument the case was submitted to the court on briefs to be filed in ten days.
“At the end of twenty days, not having received a brief from the defendant, we notified counsel we would decide the case that afternoon at 2:00 o’clock. Whereupon, at 1:45 p. m. counsel for defendant filed in court what we consider to be a supplemental answer, wherein the credits to- which the Consumers Ice Company of Shreveport, Inc. are alleged to be entitled were set out in detail.
“After the court rendered its opinion in favor of the plaintiff on the rule to show cause, the defendant filed an application for a rehearing and/or a new trial, and at the earliest opportunity the plaintiff objected to the amended answer hereinabove referred to, on the ground that it came too late.
“Our original decision on the rule to show cause was based on article 367 of the Code of Practice, which states: ‘The defendant may plead compensation, or set-off at every stage of the proceedings, provided it be pleaded specially.’
“We think the law is well settled that a plea of set-off or compensation being in the nature-of a demand should specify the particular amount' to be compensated, the *31 manner in which the right thereto was acquired, and every circumstance of time, and place to be given in other demands; otherwise no evidence will be admissible under it. See: White v. Moreno, 17 La. 371; Smith v. Scott, 3 Rob. 258; Kenner v. Peck, 2 La.Ann. 938; Maillet v. Martin, 7 La.Ann. 635; Alexander v. Seccomb, 9 La.Ann. 6; Busby v. Childress [La.App.], 187 So. 104.
“We are not convinced that our decision was incorrect, nor do we think the defendant herein had the right to file. a supplemental and amended answer, under the authority of Robert v. Blythe Co., Inc. [La.App.], 145 So. 15, 16, wherein the court said; ‘ * * * A plea in compensation should be set forth with the same certainty as is required by a plaintiff in a direct action. The penalty for a failure to do so is attendant with somewhat different consequences due to the absence of replication in our system of pleadings. The failure of the plaintiff to give necessary details is not fatal, since he may amend following the maintenance of an exception of vagueness, but the failure of a defendant to meet the necessities of pleading results in the deprivation of the right of presenting proof in support of his claim; no amendment being permitted. This is true with respect to the analogous plea in re-convention. Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869; Stroud v. Beardslee, 2 Mart.,N.S., 84; Perry v. Gerbeau, 5 Mart.,N.S., 14; McMasters v. Palmer, 4 La.Ann. 381; Wilcox v. His Creditors, 11 Rob. 3467
“Therefore, for the reasons stated 'herein, let the application for rehearing and/or new trial be denied.”
 We agree thoroughly with our brother below that the law is well settled that a defendant pleading compensation or set-off must set forth his, claim with the same definiteness and completeness of circumstances, time, place, etc. as is required of a plaintiff in an original suit.
An examination of the pleadings shows that appellants, in their original answer filed March 22, 1950, failed to set forth the details of their claim in compensation with the required certainty. The answer (filed April 5, 1950) to plaintiff’s rule for judgment on the face of the papers did not set forth the plea of compensation with the required certainty. It is equally true that the special plea of compensation (filed by defendants on April 24, 1950), just a few minutes before judgment was rendered against them on the face of the papers, did give -sufficient details of the claims against the plaintiff to fully comply with the above mentioned requirement.
The general allegations by defendants that they were due from plaintiff more than the amount claimed in the petition, ' which allegations were contained in the answer to the original petition and to the rule for judgment, did not — since they lacked sufficient detail — amount to a legally sufficient plea of compensation. Therefore, defendants did not, in a legal manner, set up a valid plea of compensation until they filed the special plea of compensation on April 24, 1950.
At the time the plea was filed no trial had been had, nor had judgment been rendered on the face of the papers. Article 367 of the Louisiana Code of Practice provides that “The defendant may plead compensation, or set-off at every stage of the ' proceeding's,' provided it be pleaded specially.” Under this Article the Louis'-ána courts have permitted a defendant to plead compensation even after final judgment and after a writ of fieri facias has been issued. Star Shoe Co. v. Hendricks, La.App., 45 So.2d 428. The District Court, under the express provisions of the above quoted article of the Code of Practice, should have considered the detailed plea and, as a consequence, denied plaintiff’s-motion for judgment on the face of the papers.
In view of Article 367 of the Code of Practice, and the above mentioned holdings, we doubt that the ¿general rule as to the-filing of an amended answer or amendments, to other of defendants’ pleadings is decisive of the case before us. Granting however, arguendo, that defendants’ special plea of compensation filed on April 24, 1950 should be classified as an amended *32 answer, we do not believe that the Louisiana jurisprudence justifies the District Court’s conclusion that the defendants did not have the right “to file a supplemental and amended answer, under the authority of Robert v. Blythe Co., Inc. [La.App.], 145 So. 15.”
We have read the full report of the Robert-Blythe case, quoted in the District Court opinion, and find that the issue there tendered was simply whether or not the plea in compensation should be set forth with the same certainty as is required by plaintiff in a direct action. There was no mention in the opinion of any effort on the part of the defendant to file an amended answer or amendment to his plea of compensation. Hence, the portion of the holding which set forth that no amendment is permitted to a defendant’s plea of compensation is obiter insofar as the Robert-Blythe case is concerned.
We have likewise examined in detail the cases cited in the Robert-Blythe case in support of the above quotation (in the opinion of the District Court) and find that in none of these was an amendment to the answer or plea of compensation offered, and that the holding of the Court in each of the cited cases was confined to the principle that a plea in compensation should be set forth with the same certainty as is required of a plaintiff in direct action, and that if a defendant goes to trial on an answer setting forth the plea only in general terms, evidence will not be admitted to sustain a vague and uncertain plea in compensation or reconvention.
Atricle 420 of the Code of Practice provides that the defendant may amend his answer, subject to the same rules, set forth in Article 419, for the amendment of plaintiff’s petition. Amendments to an answer were permitted in the cases of Billet v. Times-Democrat Publishing Co., 107 La. 751, 32 So. 17, 58 L.R.A. 62; Hortman-Salmen Co., Inc. v. High-Grade Realty Co., 12 La.App. 559, 126 So. 566, and Matlock v. State, La.App., 4 So.2d 90.
In the Matlock case, supra, the Court of Appeal approved a ruling of the trial court which permitted the defendant to file an amended answer in which it reiterated its general denial of negligence as made in the original answer, but in the alternative, set up contributory negligence on the part of plaintiff and the detailed acts constituting such contributory negligence.
In modern practice, the appellate courts are holding generally that it is either the absolute right of the defendant to file an amended answer or that it is within the discretion of the trial court to permit or deny a preferred amendment to the answer. See cases cited in Volume 53, Federal Digest, page 355, et seq.
The Robert case, supra, relied upon by the Judge of the District Court, was decided by the Orleans Court of Appeal in 1933. The Matlock case, supra, was decided on October 8, 1941. In view of the fact that the note is made in the report of the Matlock case “Writ of Error Refused”, we conclude that the Matlock case, being later in date and having been passed on by the Supreme Court in connection with its refusal of a writ, is controlling. Therefore, pur learned brother of the District Court erroneously concluded that he did not have the right to permit the filing of an amended answer.
The judgment appealed from is hereby reversed and it is now ordered that the case be remanded to the District Court for further proceedings in accordance with law and consistent with the views herein expressed. Costs of appeal to be paid by plaintiff, other costs to await the outcome of the litigation.