TALIAFERRO, Judge.
This case, on appeal of one of the defendants, was before this Court once heretofore. 49 So.2d 29. The judgment from which appealed was annulled and set aside, and the case was remanded for trial on the merits. This has been had and again the same defendant, Consumers Ice Company of Shreveport, Inc., has appealed'from judgment adverse to it.
As said in our original opinion herein,, the plaintiff sued the appellant and three other ice manufacturing companies, domiciled in Caddo Parish, for an amount representing unpaid earned premiums on certain insurance policies sold and delivered to the defendants.
The original answer was joined in by all four defendants, but therein it is alleged that if any amount is due on premiums account to plaintiff, the Consumers Ice Company of Shreveport, Inc. is solely responsible therefor. This statement appears to have been accepted as true by plaintiff as thereafter the law suit appears to have been conducted in accordance therewith. Reference to defendant hereinafter means appellant only.
In said original answer it is alleged that while the amount for which sued, viz: $1,667.74, is actually due and owing to plaintiff by defendant, the Consumers Ice Company of Shreveport, Inc., there are credits due it by plaintiff, which have not been shown, “the exact amount of which they are not certain”, but they believe the amount thereof will be sufficient to completely off-set the sum for which they are sued. On the face of the pleadings, defendants were ruled to show cause why judgment should not be rendered as prayed for, and, as shown in our former opinion, judgment was rendered on the rule as by plaintiff prayed. Prior to this action in the case, defendants filed special plea of compensation, equivalent to an amended answer, wherein credits in excess of the amount sued for are described and specially pleaded in set-off against said amount.
The case was tried upon the issues raised by this special plea, after being remanded.
In brief on behalf of the appellant, it is frankly said that from the trial of the case, after being remanded, “it developed that most of the credit memorandums relied on by the defendant in its plea of,compensation had already been taken into account, but it also developed that the plaintiff had sent to the defendant, and the defendant then had in its possession, an additional credit memorandum from the plaintiff in the sum of $3,995.14, resulting from the cancellation of a certain insurance policy, this $3,995.14 being for 'return deposit’ by the plaintiff to the defendant.”
It so happens that this additional credit memorandum was not alleged upon in the compensation plea, but was filed in evidence, and testimony adduced touching its origin and character, without objection. The case has boiled down to the sole question whether appellant in this suit, should be allowed to plead this large amount in compensation against the account sued upon. It is obvious that should it be treated as a credit, plaintiff would owe appellant much more than the amount for which judgment is sought.
It requires only a consideration of the facts pertinent to this credit memorandum of $3,995.14 to reveal the fallacy of appellant’s position.
On November 29, 1949, plaintiff, as agent, issued and delivered to appellant the policy of the Preferred Accident Insurance Company of New York, automobile fleet coverage, under which the premium for one year was $4,514.94. For some reason this policy was canceled and ceased to be of effect on February 3, 1950. The amount of the premium was charged to appellant and when the policy was canceled his account was credited with the unearned part of the premium, or $3,995.14, and the credit memorandum under discussion mailed to it. Neither this policy nor any part of the premium, paid or unpaid, is involved herein. They form a portion of another account by plaintiff against appellant which is the basis of another suit against it.
The credit of $3,995.14 does not actually represent a payment by plaintiff to ap *482 pellant. A book entry was made simply to preserve the charge of the premium against appellant,, and when the policy, ceased to be in effect, that charge was credited with the amount of unearned premium, or $3,995.14. If appellant had paid the premium of $4,-574.95, a different situation would present itself. To permit this credit of $3,995.14 to be incorporated as a credit in the account sued on would produce an anomalous situation whereby appellant would profit immensely and unduly. This unearned premium at no time possessed the character of debt due by plaintiff to appellant, and, therefore, may not be successfully pleaded as set-off against the account involved in this suit.
The judgment from which appealed is correct, and it is hereby affirmed with costs.