ELLIS, Judge.
Plaintiff filed suit on a note given to it by the defendant for the unpaid balance of *881 the purchase price of a 19SS Dodge automobile, which note was identified with an act of sale and chattel mortgage. The note was in the principal amount of $1,544.40 with 8% per annum interest from Feb. 6, 1958 and 25%' of both principal and interest as attorney fees for which amount the plaintiff prayed for judgment and additionally prayed that its vendor’s lien and chattel mortgage be recognized and rendered executory and that forthwith the sheriff seize and sell at public sale for cash, with appraisement, the Dodge automobile and that the proceeds thereof be applied “pro tanto” to the payment of plaintiff’s judgment, and that the plaintiff have a deficiency judgment for the balance due.
The main and material allegations of the defendant’s answer are as follows:
“2. That he admits the execution of a promissory note but shows that he does not owe the said note for reasons which are set forth in full hereafter;
N'
“8. Now further answering, defendant shows that the car sold to your defendant was wrecked February 6, 1958, and was taken to plaintiff for repairs ;
“9. That some repairs were made on the said car but that plaintiff sent the car to your defendant in a condition which was not acceptable to defendant and that the said car has not been used since it was returned by plaintiff about March 22, 1958;
“10. That the car leaks; that the hood is bent and warped; that a hubcap is missing; that the transmission does not function properly; that one door is not properly fixed; that certain parts which were sent with the car to plaintiff’s place of business were not put back on the car and that plaintiff has informed your defendant that the parts were lost;
“11. That the car was insured with Motors Insurance Corporation under collision policy No. 29-14889 and that plaintiff agreed to notify the said Insurance Company of the damage to the car, but that the said Insurance Company has failed and neglected to have the car repaired so as to put it back in the same condition as before the wreck or to replace the car with one of like value;
“12. Now your defendant shows that the car was priced to him at $1200.00 and that he was allowed $400.00 trade on a truck which he delivered to plaintiff and that the plaintiff had him sign blank bills of sale which were filled in after signature and which sow the price of the car was $1500.00;
“13. Your defendant shows that the note due on February 6, 1958, has been paid.
“Wherefore, defendant prays that this suit may be dismissed at plaintiff’s cost; prays that the sale dated December 24, 1957 may be annulled and that he may be awarded judgment against plaintiff in the sum of Four Hundred Dollars ($400.00) for the truck which was traded and Sixty-four and 35/100-($64.35) for the note which was paid, together with interest from judicial demand until paid.”
The case was duly tried and the district judge considered the defendant’s answer as a reconventional demand seeking a-rescission of the sale which would be governed by Article 2520 of the LSA-Civil! Code which reads as follows:
“Definition of redhibition — Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
The lower court rendered judgment in favor of the defendant and against the plaintiff dismissing and rejecting the lat *882 ter’s demands and awarding judgment in favor of the defendant and against the plaintiff in the sum of $14.35, which the court found to be the difference between the payment made on the note of $64.35 and the deductible amount of the insurance, or the sum of $50, and reserved to the defendant his rights to claim from the plaintiff the amount of $400 for the value of the truck traded in less depreciation of the Dodge automobile during the six weeks the defendant had the satisfactory use thereof.
The written reasons of the District Judge clearly show-that the judgment was based upon a rescission of the sale.
The plaintiff has appealed from the adverse judgment and the defendant has answered asking that the judgment be increased to $464.35 with legal interest from judicial demand and all costs, asking that in all other respects the judgment of the lower court be affirmed.
The answer of the defendant as well as the testimony is an admission of the sale and execution of the note and that the car operated satisfactorily and there were no vices nor defects which would give .rise to the redhibitory action, until the car was wrecked on February 6, 1958, and as the defendant and buyer had a contract of insurance with Motors Insurance Corporation under the collision policy, an estimate of damages and the repairs necessary were made by the insurance company and the representative of the plaintiff, and the car accordingly was taken to the plaintiff’s garage for such repairs. The car was taken out of the garage by the defendant’s son, apparently without his consent and according to the plaintiff’s employees with full notice that they had not completed all of the .repairs called for on the estimate. The first month’s payment of $64.35 had been made prior to the wreck of the automobile, and thereafter suit was filed upon failure to pay and defendant filed answer, the material part of which has been quoted, supra.
At first blush it would appear that the defendant was pleading compensation or set off in satisfaction of the entire debt by virtue of the failure to make .repairs to remedy the defects set forth in Article 10, supra, of the answer. At this point it might be well to mention that the estimate of damages and repairs to be made did not include any to the transmission. If this answer were actually a plea of compensation or set off, upon objection it would be totally insufficient as the manner of pleading compensation is governed by the practice act and must be specially pleaded and “being in the nature of a demand should specify the particular amount to be compensated, the manner in which the right thereto was acquired, and every circumstance of time and place given in other demands; otherwise, no evidence would be admissible under it. White v. Moreno, 17 La. 371; Smith v. Scott, 3 Rob. 258; Wilcox v. His Creditors, 11 Rob. 346; Beall v. Allen, 2 La.Ann. 932; Kenner v. Peck, 2 La.Ann. 938; Maillet v. Martin, 7 La.Ann. 635; Alexander v. Seccomb, 9 La.Ann. 6; Robert v. Blythe Co., Inc., La. App., 145 So. 15.”
In addition, compensation takes place only between two debts having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind “and which are equally liquidated and demandable Article 2209, LSA-Civil Code.
However the lower court and counsel for the defendant contend and treat the answer as one in reconvention, praying for the dismissal of the plaintiff’s demands at its cost and the annulment of the sale and a judgment for the amount of $400 which was allowed for the truck that was traded in on the Dodge automobile plus the amount of the one note of $64.35 which had been paid. Treating the answer as one in recon-vention under Article 375 of the Code of Practice, it is most defective on its fact in that a reconventional demand must set forth the defendant’s claim with the same *883 precision as would be required in a petition for the same cause of action, and is considered a separate and distinct petition setting up a cause of action against the original plaintiff and subject to the rules of pleadings applicable to petitions. Teal v. Lyons, 30 La.Ann. 1140: Woodward Wight and Co. Ltd. v. Haas, La.App., 149 So. 161; Stringfellow v. Nowlin Bros., 157 La. 683, 102 So. 869; Moore v. Usrey & Usrey, La.App., 52 So.2d 551; Harding v. Wattigney, La.App., 62 So.2d 190; Tayler v. Riley, La.App., 68 So.2d 129; Natchez Pecan Shelling Co. v. Chas. P. Wagner & Bro. Inc., La.App., 70 So.2d 598; Cigali v. Kaplan, La.App., 84 So.2d 726. Also in Myers v. Maricelli, La.App., 50 So.2d 312, 317, this court held:
“We believe that the plaintiff’s objection to defendants’ offer of evidence in support of his reconventional demand should have been sustained. The re-conventional demand merely alleges the total sum of damages claimed. There is no stipulation therein as to what portions of defendant’s car were damaged, nor is there an itemization of the repair bill. The allegations in reconvention, insofar as amount of damages were concerned, were not sufficiently particularized as to place plaintiff counsel on guard in preparing his defense in reconvention. Evidence in this case supporting the reconven-tional demand would necessarily constitute enlargement of the pleadings. Because of defendants’ failure to properly itemize his damages in reconvention, the objection by plaintiff should have been sustained, and the reconven-tional demand dismissed as of nonsuit. Ceromi v. Harris, 187 La. 701, 175 So. 462; Barnard v. Dealers Finance Co., La.App., 9 So.2d 263.”
However, in the case at bar there was no objection made on this particular ground. Defendant failed totally to prove any value of the repairs which are alleged in the reconventional demand to have been left undone. We presume that counsel is relying upon the reconventional demand for rescission of the contract of sale on the general proof that certain repairs were not made and that the car is not fit for the purposes for which it was initially sold. The action in redhibition is based upon a sale, and defendant’s reconventional demand is clearly based upon an alleged failure to perform a contract of repair. Defendant admits and the proof is positive that this car was not subject to any action of redhibition. It was perfectly satisfactory in all respects until the son of the defendant wrecked it on February 6, 1958, and defendant’s complaint is really based upon the failure of the plaintiff to properly repair the automobile. The defendant relies upon the case of LeBlanc v. Rock, La. App., 86 So.2d 629, and this is also the case cited in the lower court’s written reasons as the basis for rescinding this sale. This case is not applicable, for the defendant’s answer in the cited case affirmatively alleged that they were not obligated to pay the balance of the note given for the purchase price of a beer cooler since the cooler and condensing unit purchased by them from plaintiff did not properly cool their beer and was subject to such redhibitory defects or breaches of warranty as to be utterly worthless for the purpose for which purchased. No such defense is made in the present case. It is totally disconnected with the sale of the automobile which is the basis of the main demand. The defects in the automobile sold were occasioned as a result of the wreck and the defendant, if he wished to reconvene for a failure to perform the repair contract, should have specifically and in detail set up the damages to the car and the amount necessary to repair same, and the failure of the plaintiff to make the repairs in accordance with the contract, and a prayer for judgment in re-convention for the amount alleged, as necessary to repair the automobile. The re-conventional demand for a rescission of the sale should have been denied.
It is therefore ordered that the judgment of the district court be reversed, and *884 the reconventional demand of defendant be dismissed as of nonsuit as the plaintiff has fully proven his demand, and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Lewis Chevrolet Co., Inc., and against the defendant Robt. H. Whitener in the full sum of $1,544.44 with 8% per annum interest from February 6, 1958 until paid and 25% of both principal and interest as attorneys fees and all costs of the suit. It is further ordered, adjudged and decreed that the plaintiff’s vendor’s lien and chattel mortgage be recognized and .rendered executory and that forthwith the sheriff seize and sell at public auction sale for cash, with appraisement, the Dodge automobile described in the duplicate original act of sale annexed to plaintiff’s petition and that the proceeds from said sale be applied “pro tanto” to the payment of petitioner’s judgment,.