ELLIS, Judge.
Plaintiff filed suit against the defendant on an open account which-was fully covered by the allegations of his petition in Article 2 as follows:
“That said defendant purchased goods, wares and merchandise and bor *284 rowed money from the Evangeline Drug Store as set out herein below:
February 1956 -$ 397.65
March 1956 -_ 232.48
April 1956 _ 109.00
May 1956 _ 245.95
November, December 1956 and Jan. 1957 (Tickets attached) 45.14
Total ' $1030.22
Discount 35.08
Balance due and unpaid $ 995.14
“All as will be more fully shown by sworn itemized statement attached hereto and made a part hereof.”
The defendant specifically denied all of the allegations contained in Article 2 of the plaintiff’s petition and alleged that on or about the middle of September, 1955 he was employed by the plaintiff at Evangeline Drug Store at a weekly wage of $75.00, and that since the plaintiff was not able to pay him his wages in cash at that time, it was agreed that plaintiff could pay him by withdrawals of cash, merchandise and other amounts “that would be withdrawn by respondent only as needed * * * ”, and that at the end of the year the account would be balanced off and if the respondent had not drawn the full amount for his wages in the manner agreed upon that the plaintiff would pay him the difference; that he had continued to work for plaintiff under this agreement from about September 12, 1955 until the 11th day of May, 1956 and that during that time he did make withdrawals from the store in' accordance with the agreement and that the amount of such withdrawals and merchandise purchased from the store would be shown in detail on the trial of the case; that the sums withdrawn and merchandise advanced against his weekly wage of $75.00 as of May 11, 1956 was much less than the total sum of his wages to that date and he was, therefore, not indebted unto the plaintiff in any sum whatsoever.
After answering plaintiff’s petition, the defendant then assumed the position of plaintiff in reconvention and as such reiterated all the allegations of his answer and specifically alleged that the plaintiff was indebted unto him in the sum of $2550.00 less credits of all withdrawals of goods, wares and merchandise received by him from the Evangeline Drug Store.
To the defendant’s petition as plaintiff in reconvention the plaintiff (defendant in reconvention) filed an exception of no right or cause of action because the petition did' not allege the amount due plaintiff in re-convention if any and on account of the vagueness and uncertainty of the allegations of the petition of plaintiff in recon-vention it does not afford the basis of a judgment in any amount.
On the same day that the exception of no right or cause of action was filed, counsel for defendant in reconvention filed an exception of vagueness and specifically set forth the grounds as follows:
“(a) That the petition does not allege the amount due plaintiff in recon-vention.
“(b) That the petition does not allege the dates or amounts withdrawn by plaintiff in reconvention.
“(c) That the petition (sic) allege or show that plaintiff in reconvention ever notified or made demand upon defendant in reconvention before this suit was filed against him.”
In response to the specific allegations set forth in the exception of vagueness above, counsel for defendant, plaintiff in reconvention, filed an amended answer and reconventional demand in which he reiterated all the allegations of his original answer and reconventional demand and then further answering and as plaintiff in reconvention alleged:
“That on or about the 11th of September of 1955, the respondent was employed by the petitioner in the Evangeline Drug Store at the weekly wage *285 of $50.00 per week for two weeks; thereafter at the weekly wage of $75.00 per week; that since the petitioner was not able to pay him his wages in cash at that time, he agreed that the petitioner could pay him by withdrawals, merchandise, and other amounts that would be withdrawn by respondent as needed; and then at the end of a year the account would be balanced off; that if your respondent had not drawn the full amount for his wages for earnings that the petitioner would pay him the difference; that he continued to work for the petitioner for wages at the rate of $50.00 per week from September 12, 1955, until September 26, 1955; and thereafter at the rate of $75.00 per week until on or about the 11th day of May, 1956; during that time he did make withdrawals from the store from time to time for various reasons; that the amount of the money withdrawn or merchandise purchased from the store amounted to only the sum of $1,481.82; therefore, respondent alleges that the sum withdrawn from the drugstore as advances against his wages of salary as of May 11, 1956, was much less than the total sum of his earnings to that date; therefore your respondent is not indebted to petitioner in any sum whatsoever, but on the contrary petitioner still owes' your respondent for wages and salary for said period of time as hereinafter shown.
* * * * * *
“4. Respondent repeats the allegations contained in Article 4 of his original petition insofar as it shows that the plaintiff owed respondent TWO THOUSAND FIVE HUNDRED AND FIFTY ($2,550.00) DOLLARS for wages earned; less the sum of ONE THOUSAND FOUR HUNDRED EIGHTY ONE AND 82/100 ($1,481.82) DOLLARS as withdrawals, advances, loans, or for goods, wares, and merchandise received by respondent from Evangeline Drug Store from September 11, 1955 to May 11, 1956, plus a legal interest on said sum from May 11, 1956, until paid, and for all costs of this suit, for this, to-wit: * * if;
The defendant, plaintiff in reconvention, then prayed:
“ * * * that the plaintiff’s demand be rejected at his costs.
“ * * * that the demand in compensation for wages and salaries sued upon herein be maintained;
“That the demand of the plaintiff made herein be considered as having been paid as a matter of law by virtue of compensation, which has herein-above been specially plead.”
“That on the reconventional demand, that there be judgment rendered in favor of the defendant, James C. Hammond, and against said plaintiff, Frank E. Webb; that accordingly, there be judgment rendered in favor of defendant and against plaintiff in reconvention in the full and true sum of Two Thousand Five Hundred Fifty and no/100 ($2,550.00) Dollars, less the sum of One Thousand Four Hundred Eighty One and 82/100 ($1,481.-82) which includes the sums sued upon herein by the plaintiff, plus legal interest on the difference between said sums, which became due on May 11, 1956, until paid.”
This case was handled by three different judges during its pendency in the District Court. On October 29, 1957 Hon. Henry F. Turner, Judge Presiding, sustained the exception of no right or cause of action filed by the plaintiff to defendant’s reconven-tional demand, granting to the defendant in the case ten days in which to amend. Thus we have the amended petition of the plaintiff in reconvention.
On February 25, 1958 the case came up for trial in accordance with previous regular assignment before Hon. N F. Hoff- *286 pauir, Judge Presiding, and the minutes show that evidence was introduced on the main demand, and the court, for oral reasons assigned, non-suited the demand of the plaintiff in reconvention. On the main demand, the minutes show that the case was “laid over pending the filing of the transcript, the case being submitted to the court on briefs to be filed by counsel after the filing of said transcript.”
On Monday, October 9, 1961, the minutes reveal that Hon. Fred S. LeBlanc, Judge Presiding, for reasons orally assigned, rendered judgment in favor of the plaintiff in the sum of $995.14 with legal interest thereon from date of judicial demand until paid and for all costs of court.
Judgment was accordingly rendered, read and signed in favor of the plaintiff for the sum of $995.14 and rejecting the defendant’s reconventional demand at his cost, and the defendant appealed to this court.[1]
It is a well-settled rule of law that one who pleads compensation admits the indebtedness. The serious question in this case is the correctness vel non of the ruling of the trial court in refusing to allow the introduction of testimony on the reconven-tional demand and sustaining the objection •of counsel for the plaintiff to such testimony for the reason that “ * * * his pleadings do not itemize and set forth with any certainty whatsoever as to amounts, dates, and items he claims Mr. Webb owes him for or that are being used as compensation and offset in this case. The trial judge in ruling reiterated the grounds of the excep tion of vagueness heretofore quoted and ruled as follows:
"The Court is going to sustain the objection insofar as any evidence intending to show the amount due by way of reconventional demand but will not preclude the defendant from introducing evidence to disprove the claim of the plaintiff. Myers vs Myrecella, (sic) 50 So. (2) [312], I have forgotten the page.” [2]
The case relied upon by the trial judge is not controlling. It involved an action for property damage arising from a collision between a truck belonging to the plaintiff and a Mercury sedan belonging to the defendant. The plaintiff set forth his demand and the defendant answered and assumed the position of plaintiff in recon-vention which read as follows:
“That as a result of said collision said Mercury automobile, owned and driven by said plaintiff in reconvention, was damaged and repaired at a cost of Four Hundred Forty-eight and 26/100 ($448.26) Dollars, as will appear more fully by itemized statements annexed hereto and made a part hereof.”
The defendant failed to annex the statement to his pleadings and on the trial of the matter and to an offering of the statement together with oral testimony as to the damages in reconvention, counsel for plaintiff objected on the ground that the statements were not annexed to or filed with the answer, that the statements were never seen by the attorney for plaintiff and were not a part of the pleadings of plaintiff in reconvention. The objection was referred to the merits and the testimony allowed, however, on appeal this Court stated:
“The law is well settled in this state that a reconventional demand is considered as a petition setting forth a distinct cause of action; that, therefore, it must be set forth with the same clearness and precision as is alleged in a direct action. Stringfield v. Nowlin Bros., 157 La. 683, 102 So. 869; Teal v. Lyons, 30 La.Ann. 1140.”
We held that plaintiff in reconvention had not sufficiently particularized so as to place *287 plaintiff’s counsel on guard in preparing his defense in reconvention.
In the case at bar, plaintiff in reconvention admits having withdrawn in cash, merchandise, etc., the sum of $995.14 and in addition judicially alleges that the total amount so withdrawn is $1481.82. Plaintiff in reconvention is not asking for a judgment in this amount but specifically that he be credited with this amount against the amount of salary which the plaintiff had contracted to pay him. Plaintiff in recon-vention has admitted the open account which constitutes the plaintiff’s cause of action.
The specific grounds of the exception of vagueness were that the petition did not allege the amount due plaintiff in reconvention nor did it allege the dates or amounts withdrawn by plaintiff in reconvention nor had he made a demand upon the defendant in reconvention before the suit was filed against him. As to the first ground, plaintiff in reconvention alleges in detail that he had withdrawn $1481.82 and that he is entitled to a salary of $2550.00 and therefore prayed for a judgment for the difference. The only thing lacking was that he did not subtract one from the other and put it in his petition. We do not believe that there is any merit to the exception of vagueness on that ground.
As to the second ground that he had not alleged the dates or amounts withdrawn by the plaintiff in reconvention, that is the very thing which the plaintiff is suing for in the sum of $995.14, however, the plaintiff in reconvention admits that he owed plaintiff for such account $1481.82, which included the sum of $995.14. This is clearly to the plaintiff’s advantage and it is not necessary for the plaintiff in reconvention to allege the dates or amounts withdrawn by him where there is an admission of an excess due plaintiff over and above his demand.
The cause of action of plaintiff in recon-vention is based upon the specific and precise allegations of an agreement by the plaintiff to pay him a weekly wage of $50.00 for two weeks and thereafter the weekly wage of $75.00 with the agreement that he was to be permitted to withdraw cash, and purchase goods, wares and merchandise from the drug store which were to be credited against the contract by the plaintiff to pay him such weekly wage and which at the termination of his employment was to be ascertained by totalling the receipts which plaintiff in reconvention was to give at the time of such withdrawal and the total amount of salary due for the duration of the employment, and the smaller total amount of the two accounts was to be deducted from the larger and in this manner there was to be a settlement between the plaintiff and defendant. There is absolutely nothing vague about the actual cause of action of plaintiff in reconvention which is based upon wages allegedly due to him. An exception of vagueness cannot apply to a judicial admission of the amount due by a defendant to a plaintiff where the latter’s cause of action is based upon the same open account which the defendant admits he owes to plaintiff.
As far as the agreement to pay plaintiff in reconvention a salary, the testimony of the plaintiff himself is full proof of such an agreement. In his deposition as well as in his testimony on the trial of the case, he testified not once but many times that he had agreed to pay him a weekly salary and that he had the right to withdraw cash and merchandise from the store against his salary. The plaintiff in reconvention was married to the step-daughter of the plaintiff’s wife and the record convinces us that it was more convenient for the plaintiff to pay the salary of plaintiff in reconvention, or as much thereof as possible, by withdrawals and purchases of merchandise and other articles from the drug store for which the plaintiff in reconvention left a receipt to be credited against the salary to be accounted for in a final settlement. For example, in plaintiff’s deposition *288 he was asked whal vas the salary of the plaintiff in reconvention and he testified:
“A. Most of the time, the last two weeks, I paid him $65.00 a week. The rest was $75.00. I think it was two weeks at $65.00.
“Q. But most of tlie time it was $75.00.
“A. Yes.”
Another time in his deposition he testified that he had paid him $75.00 a week, “plus his keep at the house. For him and his wife.” In numerous answers to the questions in his deposition and on the trial of the case he frankly admitted that he had agreed to pay him a weekly salary. Plaintiff contended that he had paid the weekly wage in cash in addition to the money and goods and merchandise which the plaintiff in reconvention had withdrawn and for which he had left a receipt in the cash register. The main question to be decided is whether the plaintiff paid the defendant, plaintiff in reconvention, the agreed weekly salary. The plaintiff has no proof except his own testimony, which is rather vague, that he paid him in cash or paid him out of his pocket or just a blank statement that “Well, I paid him his salary — He got all of his salary.”
On the other hand we have the frank testimony of the defendant, backed up by actual receipts of withdrawals, which were produced by him on the trial, that he drew cash and merchandise amounting to $1481.-82, and in addition two other receipts were located amounting to $125.00 which the defendant readily admitted, making a total amount admittedly withdrawn by the defendant, plaintiff in reconvention, of $1606.-82. Furthermore, plaintiff sued on an open account and annexed the account to the petition and the allegation containing the exact account has been heretofore quoted, and while he should have been bound by the allegations of the petition, the pleadings were somewhat enlarged when he testified that what he was suing on was an agreed final amount due him by the defendant after an agreed verbal settlement between them at the end of the employment on May 11, 1956. His testimony is the only proof of such a contention. The defendant vehemently denies it, as well as his former wife. Even after the plaintiff claims they had this settlement and the defendant had left his employ, he re-employed the defendant but this time they had a written contract which was at a weekly wage of $75.00. The plaintiff’s bookkeeper also testified, or a stipulation as to his testimony was entered into, that he kept the books of the plaintiff and at no time was he instructed to charge plaintiff in reconvention with any salary credits. Neither did plaintiff have a single receipt where he had ever paid the defendant one weekly wage in cash. The plaintiff in reconvention testified also that at the time he was presented with the account sued on herein by the plaintiff that he denied owing him any money and on the contrary stated that “he owed me.”
We conclude from this record that the exception of vagueness originally filed should have been overruled in view of the fact that the complete basis of the cause of action of the plaintiff in reconvention was based upon his demand for credit for salary for thirty two weeks which is specifically alleged; that the admission of defendant, plaintiff in reconvention, of indebtedness on his open account to the plaintiff in the sum of $1481.82 rather than just $995.14 was not subject to an exception of vagueness. It is not necessary to remand the case for further proof, as the lower court allowed all parties to introduce full testimony in order to prove the plaintiff’s demand and for the defendant, plaintiff in reconvention, to disprove the fact that he owed the plaintiff the $995.14. The plaintiff in reconvention has proven by a preponderance of the evidence, including that of the plaintiff, that the latter agreed to pay him $50.00 per week for the first two weeks and $75.00 per week thereafter and that he had not received any payment of these wages other than by the agreed with *289 drawals and purchase of merchandise and supplies from the drug store for which receipts were given by plaintiff in reconvention or his wife, and that they totalled $1606.82, for which the defendant, plaintiff in reconvention, is entitled to credit against the thirty two weeks of salary amounting to $2350.00, leaving a balance to the defendant, plaintiff in reconvention, of $743.-18.
For the above and foregoing reasons, it is now ordered, adjudged and decreed that the judgment of the District Court be annulled, set aside and reversed and that there be judgment in favor of James C. Hammond, plaintiff in reconvention, and against Frank E. Webb, defendant in reconvention, in the full sum of $743.18, together with legal interest thereon from date of judicial demand until paid and for all costs.
Reversed.

. Judge Turner and Judge Hoffpauir were assigned to the 19th Judicial District Court of East Baton Rouge Parish at different times.

. The ease is Myers v. Maricelli, La.App., 50 So.2d 312.